THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ORVILLE AXELSON, Defendant-Appellant.

Second District (2nd Division)   No. 75-208

Opinion filed April 21, 1976.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (Edward N. Morris, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

The sole issue in this appeal is whether the court erred in denying the defendant's motion to suppress introduction of his prior burglary conviction for impeachment purposes.

The defendant was charged with theft of property of a value of in excess of $150. One of the State's witnesses was an accomplice who had pleaded guilty and had been promised probation in return for his cooperation with the State. His testimony was to the effect that the defendant approached him with a scheme to steal a couple of Cub Cadet Lawn Tractors from a certain implement dealer. This witness further testified that he and the defendant had entered the dealer's premises at

night, had loaded one of the tractors onto a truck and driven off with it to a nearby barn where they had stored it, awaiting a chance to dispose of it.

Before trial defense counsel moved to suppress the use of the defendant's prior burglary convictions to impeach his credibility, asserting that the evidence of these prior convictions had no probative value in determining his guilt in connection with the present crime. He contended such evidence would have an unfair, inhibitive effect on the defendant's right to take the stand in his own defense to refute the testimony of his alleged accomplice. The defendant had a record of convictions for burglary in 1961 and 1966 which were known to the prosecutor. Just prior to trial it was discovered by the prosecutor that the defendant had been convicted of another burglary in 1971. The trial court ruled that the State could introduce the 1966 or the 1971 conviction but not both, if the defendant took the stand in his own behalf.

The defendant did not take the stand in his own defense. Several relatives testified in his behalf, their testimony constituting an alibi. The defendant was convicted of theft of property of a value in excess of $150 and was sentenced to serve not less than 3 years 4 months nor more than 10 years in the penitentiary.

■■ In this appeal the defendant contends he was denied a fair trial because the threat of the State to use a prior burglary conviction to impeach his credibility inhibited the exercise of his right to testify in his own behalf, thus impairing his defense. The defendant cites the leading case of *People v. Montgomery*, 47 Ill. 2d 510, in support of this contention. While acknowledging that under the standard there announced the trial court clearly has discretion as to whether or not to admit such evidence, defendant argues that in this case the court abused its discretion.

The rule in question reads in part as follows:

" '(a) General Rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime, except on a plea of *nolo contendere*, is admissible but only if the crime, (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or (2) involved dishonesty or false statement regardless of the punishment unless (3) in either case, the judge determines that the probative value of the evidence of the crime is substantially outweighed by the danger of unfair prejudice.' " 47 Ill. 2d 510, 516.

The defendant urges that under this standard the court should not admit evidence of the prior conviction because its probative value is outweighed by the resulting prejudice to the defendant. He contends that the probative value in this case is slight, whereas the resulting prejudice is

great, and therefore, the trial court abused its discretion in ruling that such evidence could be used.

If defendant's basic assumptions were true then defendant's argument would have validity. However, the trial court evidently did not so evaluate the factors involved. If an alibi defense such as was offered here were to be supported by the defendant's own testimony, the defendant's personal credibility would automatically be put in issue. The prejudice to the State would be obvious if such credibility could not be attacked. On the other hand, the prejudice to the defendant of the disclosure, under proper limiting instructions, in a case such as this would have been minimal considering that there was substantial evidence to sustain the charge.

■■ Prior to *Montgomery* it was considered to be the right of the prosecutor to present evidence of a previous conviction in any case for the limited purpose of impeaching the defendant's credibility where he took the stand in his own behalf. Our Supreme Court in *Montgomery* changed this by vesting the decision as to such disclosure in the trial court, rather than in the prosecutor. The court's discretion is limited only to the extent *Montgomery* (following Rule 609 of the Rules of the Judicial Conference) indicates—that is, a previous conviction can be disclosed (if within 10 years following the conviction) unless the court determines that the probative value of the impeachment is outweighed by the prejudice to the defendant. It is a decision to be weighed and determined by the trial court based on the circumstances involved and by the nature of the problem and the trial court must be given considerable latitude. The vast majority of the cases touching on this point since *Montgomery* have affirmed a wide discretion in the trial court in making this determination. This court has so held in several recent cases. See *People v. Legear*, 29 Ill. App. 3d 884, and *People v. Stratton*, 30 Ill. App. 3d 550 (2d Dist.) (abstract opinion).

We see nothing in the circumstances of the present case to indicate the trial court abused its discretion in permitting the State to offer evidence of the prior conviction to impeach the defendant's credibility if defendant chose to take the stand. The judgment of the trial court is affirmed.

Judgment affirmed.

T. J. MORAN, P. J., and DIXON, J., concur.