THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD SPICER, Defendant-Appellant.

Third District   No. 75-411

Opinion filed December 13, 1976.

Larry A. Mackey and Jena Nemesi, both of State Appellate Defender's Office, of Ottawa, for appellant.

David DeDoncker, State's Attorney, of Rock Island (James E. Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This appeal stems from the conviction of Ronald Spicer, the defendant, after trial by jury in Rock Island County for the offense of burglary. The defendant was sentenced to a term of imprisonment of not less than 4 nor more than 12 years.

The defendant in this appeal assigns as reversible error that the trial court refused to rule on his motion in limine which sought to exclude evidence of his prior convictions and thereby he was forced to choose between risking the introduction of such evidence or foregoing his right to testify in his own behalf.

The State disagrees with the defendant's allegation that the trial court refused to rule on the defendant's motion in limine and asserts that the contrary is true in that the trial court did in fact rule on the motion by denying the same.

As it becomes necessary we will set forth a recitation of the facts which led to the defendant being charged with the offense of burglary, however, we will first direct our attention to what action the trial court did take in regard to the motion in limine. In examining the record we deem the following colloquy between counsel for the defendant, counsel for the State, and the court to be both illuminating and pertinent:

"MR. WARNER: This is to prevent my client from possible prior impeachment. I looked, and I know what the law says, People vs. Montgomery etc. This particular document is within the 10 years period but I don't think, as a matter of principle, this should be allowed into the evidence because it is the same offense for which he is charged now. I don't think it is appropriate.

THE COURT: You say this would prevent him from testifying in his own behalf.

MR. WARNER: Well, there is a possibility to show that he was some intoxicated at the time.

THE COURT: I don't think there was any intoxication involved.

MR. MEEHAN: Up to this time there is no evidence on the record, up to now. There is no testimony from the State's witnesses as to intoxication.

THE COURT: Of course, if he doesn't testify there is no basis for any, for the introduction of any convictions. So it seems to me that this Motion is premature until some indication that he is going to testify. I haven't heard any so far, *so I will deny the Motion, without prejudice to ruling on any records of conviction in the event he does testify. Motion in limine filed, heard and denied."*
(Emphasis supplied.)

We cannot agree with the defendant's attempts to characterize the trial court's action regarding the motion in limine as a refusal to rule. On the contrary, the colloquy which we have set forth makes it abundantly clear that the court did make a ruling when it was succinctly stated by the court "motion in limine filed, heard and denied."

The colloquy also discloses that the court's denial of the motion was without prejudice in that the court indicated that it would reconsider the motion in the event the defendant elected to testify.

■■   The defendant had a criminal record dating back to the year 1965; however, the particular conviction which the defendant desired to exclude from the evidence was one for the offense of burglary which had occurred in the year of 1971. It is well settled that a defendant's previous conviction can be disclosed at his trial for impeachment purposes, if within 10 years following conviction, unless the court determines that the probative value of impeachment is outweighed by prejudice to the defendant. See *People v. Axelson* (1976), 37 Ill. App. 3d 566, 346 N.E.2d 24.

■■   In the instant case the defendant in his motion in limine alleged that the introduction of a prior conviction would prevent him from testifying and thereby he would be precluded from using the defense of intoxication since he was the only person who could testify as to this defense. Obviously the trial court was not impressed with the defendant's plan to testify as to his state of intoxication when the burglary was committed. That the court was not impressed is understandable, since testimony had already been adduced which placed the defendant at the scene of the crime, leaving a burglarized residence, carrying property of the victim, and further after apprehension he gave to the police an absolute statement of noninvolvement in the crime. The decision as to whether a previous conviction of a defendant may be disclosed for impeachment purposes is a decision to be weighed and determined by

the trial court based upon the circumstances involved, and by nature of problem the trial court must be given considerable latitude in making the decision. See *People v. Axelson* (1976), 37 Ill. App. 3d 566, 346 N.E.2d 24, and also *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695.

In the case before us it is clear that the trial court was well within the boundaries of the latitude which it possessed when it denied the defendant's motion in limine. Contrary to defendant's assertion the court did rule upon the motion and denied it, but did not completely close the door on the defendant's request by stating that the motion would again be considered if the defendant elected to testify in his own behalf.

In summary, the court did rule upon the motion by denying the same. The law is clear that the trial court did not abuse its discretion by its ruling. The defendant elected not to testify in his own behalf so the motion or the question of the introduction of evidence as to a prior criminal conviction was not again presented to the court. No useful purpose would be served by setting forth in detail the facts and events which led to the defendant's apprehension and trial for the offense of burglary. Suffice to say the defendant was well known to the victim, he was observed by the victim carrying a stereo from the victim's apartment. The defendant thereafter while in the vicinity of the scene of the crime stated to the police that he was in no way involved in the crime. This statement would be in direct conflict with the defendant's later allegation that if he testified it would be to submit a defense based upon his intoxication. From the record it is clear that the defendant received a fair trial.

For the reasons set forth the judgment of the Circuit Court of Rock Island County and the sentence imposed thereon is affirmed.

Judgment affirmed.

ALLOY, P. J., and STOUDER, J., concur.