THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
BERNARD COOPER, Defendant-Appellant.

Fifth District   No. 76-452

Opinion filed December 5, 1978.—Rehearing denied January 4, 1979.

JONES, J., dissenting.

James Geis and Kathy M. Morris, both of State Appellate Defender's Office, of Chicago, for appellant.

Howard L. Hood, State's Attorney, of Murphysboro (Bruce D. Irish and Ann E. Singleton, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant Bernard Cooper, appeals his conviction of armed robbery from the circuit court of Jackson County, where following a jury trial, he was sentenced to 6 to 20 years imprisonment.

In the first day of trial, defendant moved for a directed verdict which was denied. As defendant was about to present his defense, the matter of impeachment by prior conviction arose. The State informed the court that assuming defendant testified, it was prepared to impeach him by offering a record of a 1973 Indiana felony conviction for robbery. Defense counsel objected, arguing the State's documents did not meet the proof of a prior conviction requirement under Illinois law. The trial court sustained the defendant's objection.

Following this ruling, on the same day, the defendant testified in his own behalf. He explained his presence in Carbondale on that day, accounted for his activity and behavior at the time of arrest, denied wearing clothing on April 20 which the victim stated he wore, denied carrying a gun, and denied committing the offense in question.

On the second day of trial, the State again moved for the introduction of defendant's Indiana conviction as an impeachment exhibit. Immediately preceding arguments on the admissibility of this evidence, the court stated:

"We have previously discussed this to some degree, Mr. Jochums, I assume you are still objecting to the introduction of this?"

This time with each party citing one case for its position, the argument concerning the form with which such impeaching documents must conform continued. Defense counsel additionally argued that it was improper for the jury to be informed of the sentence imposed on the Indiana conviction. The exhibit was introduced in its entirety.

The State also presented evidence in rebuttal which contradicted a substantial portion of defendant's testimony.

The jury returned a verdict of guilty of armed robbery.

On appeal defendant contends: (1) It was fundamentally unfair for the trial judge to allow impeachment of the defendant by prior conviction because the defendant had taken the stand subsequent to the court's initial ruling to exclude such evidence; (2) the trial court deprived the defendant of a fair trial because it erroneously allowed the State to prove defendant's prior conviction upon insufficient documentation and permitted the State to introduce the detailed circumstances of and the sentence imposed for defendant's prior robbery conviction.

We reverse and remand for a new trial directing our attention only to defendant's first contention.

After the State's evidence was in, the record discloses that the trial court made a definitive ruling that defendant's prior conviction would not be admitted and that this ruling was based on the assumption that the defendant would testify. After defendant's motion for a directed verdict was presented, the trial court stated:

"Let the record show that motion is denied. Now, Mr. Hood, assuming the defendant is going to testify—

MR. HOOD [The State's Attorney]: Assuming the defendant testified, the State is prepared to offer an impeaching exhibit."

After argument of counsel the trial court entered the following colloquy which resulted in the order it stated:

"COURT: There is a relatively recent case, Mr. Hood [State's Attorney], and I think it is out of this circuit. I am going to examine these documents first before saying anything else. Do either of you have any recent authorities on the question of what sources may be used for impeachment? There is a recent case that I can't find.

MR. JOCHUMS [Defense Counsel]: My association, Rex Burke, went across the street to look and borrow a book.

COURT: The court wishes the record to show that the court has reviewed—the form that has been provided by the State for the proposed impeachment purposes is not the same as that used in Illinois, and I have some doubt as to how it fits into the Illinois scheme and to be on the safe side, I am going to grant the motion of the defendant and not admit this into evidence for impeachment purposes because it doesn't contain the same elements that we have in Illinois. This is what we use to use in Illinois for the court's minutes and we use to sign them and the court's minutes were not admissible as I understand it for impeachment purposes. Not alone. In addition, there had to be a mittimus and certain other findings. I am, therefore, ruling that way. I hope that we can get some better information somewhere. I am erring on the side of the defendant if I am erring."

This ruling afforded the defendant definitive advance knowledge that he would not be subjected to impeachment by proof of his prior Indiana conviction if he decided to take the witness stand.

Having obtained the ruling sought, the defendant did proceed to take the stand. After he completed his testimony and rested the State moved for the introduction of the self-same previously excluded record of defendant's Indiana conviction as an impeachment exhibit. Although the court had definitely ruled to exclude the evidence, it nonetheless entertained further argument on the matter, noting only that "[w]e have previously discussed this to some degree." Defense counsel vigorously reiterated and amplified his objections to the admission of the evidence, but the trial court reversed its previous decision.

The trial court's "hope that we can get some better information somewhere" was an ambiguous remark which did not render the ruling interlocutory nor afford defendant actual notice that the matter would be reopened. The trial court was in error to assert only that the matter had been discussed to some degree when it had previously sustained defendant's objection. The fact that defense counsel's effort to locate authority, initiated prior to the trial court's granting of the motion, enabled him to mention a case name to the trial court the next morning does not demonstrate that the ruling was considered by the defense as interlocutory. Further, defense counsel had no sound reasons to believe the trial court's initial ruling was erroneous. The untimely revocation of the prior ruling was fundamentally unfair to the defendant and placed him in an untenable and prejudicial situation.

The most important factor which the trial court considers when it excludes a prior conviction offered for purposes of impeachment is inducement of the defendant to testify and thereby serve the cause of truth. This is made clear by the language in *People v. Montgomery*, 47 Ill.

2d 510, 517-18, 268 N.E.2d 695, 699, wherein the Supreme Court quotes from the case of *Luck v. United States*, 348 F.2d 763 (D.C. Cir. 1965). If this is the most important factor for the trial court to consider when it makes this decision, it would be a fair inference that this would be the uppermost factor in the defendant's mind when he decides whether or not to take the stand. In the instant case, defendant had been assured by the trial court that his conviction would not be used to impeach him and he thereby waived a most fundamental right by taking the stand in his own behalf.

The rationale of *Harrison v. United States* (1968), 392 U.S. 219, 20 L. Ed. 2d 1047, 88 S. Ct. 2008, is relevant to this case. In *Harrison* the defendant was convicted of murder after a jury trial. At the trial he took the stand on advice of counsel after three confessions made while in police custody were admitted into evidence. Defendant's conviction was reversed on the ground that the confessions had been obtained illegally. On retrial his testimony at the former trial was read into evidence over his strenuous objection. In reversing, the United States Supreme Court said at 392 U.S. 219, 224-25, 20 L. Ed. 2d 1047, 1052-53, 88 S. Ct. 2008, 2011:

> "The remaining question is whether the petitioner's trial testimony was in fact impelled by the prosecution's wrongful use of his illegally obtained confessions. It is, of course, difficult to unravel the many considerations that might have led the petitioner to take the witness stand at his former trial. But, having illegally placed his confessions before the jury, the Government can hardly demand a demonstration by the petitioner that he would not have testified as he did if his inadmissible confessions had not been used. 'The springs of conduct are subtle and varied,' Mr. Justice Cardozo once observed. 'One who meddles with them must not insist upon too nice a measure of proof that the spring which he released was effective to the exclusion of all others.' Having 'released the spring' by using the petitioner's unlawfully obtained confessions against him, the Government must show that its illegal action did not induce his testimony."

In the instant case, it is also difficult to unravel the many considerations which might have led the defendant to take the stand. Under these circumstances, the State must demonstrate conclusively that the trial court's decision did not induce the defendant's testimony. This it did not do.

For the foregoing reasons this cause is reversed and remanded for a new trial.

Reversed and remanded.

KARNS, J., concurs.

Mr. JUSTICE JONES, dissenting:

I disagree with the majority's conclusion that the trial court had definitively ruled to exclude the evidence of the prior Indiana conviction. I further believe that the result of the majority's opinion is an unwarranted overturning of a proper exercise of discretion by the trial court and that it results in an exclusion of evidence which a jury could properly consider in rendering its verdict. I accordingly respectfully dissent.

I think it evident from the trial court's remarks and the actions of counsel for both the defense and prosecution that the initial ruling was considered interlocutory. The court stated that he would "not admit this into evidence because it doesn't contain the same elements that we have in Illinois. * * * I hope that we can get better information somewhere. I am erring on the side of the defendant if I am erring." During argument on the matter defense counsel objected on the basis that the documentation of the conviction was improper and incomplete. However, neither he nor the prosecution offered any case citations or other authority in support of the positions taken. The defendant then took the stand. The following day, before the jury was reconvened, the State's Attorney again moved for the introduction into evidence of defendant's prior conviction. The court noted "we have previously discussed this to some degree. [To defense counsel:] I assume you are still objecting to the introduction of this?" Counsel for the defendant renewed his objection and then offered case citations and other authority in support of his position. The prosecution also was prepared on this occasion with authorities to support its arguments. After hearing argument, the trial court indicated that although he would have preferred that the conviction be documented in a different form he would nevertheless permit it to be introduced into evidence for purposes of impeachment. A proper limiting instruction was given to the jury.

I think it fair to infer that both defense and prosecution counsel had done research and were prepared to cite authority in support of their respective positions because each was aware that the issue of the admission of defendant's prior conviction had not been finally resolved and that the court would entertain further argument on the subject since he wanted "better information" before making a final and binding ruling. I do not believe that the defendant was therefore unfairly surprised. Whether or not to admit evidence of a prior conviction is a matter resting within the discretion of the trial court. (*People v. Montgomery*, 47 Ill. 2d 510, 268 N.E.2d 695.) That discretion was not abused in the instant case. The trial court may entertain this issue more than once during trial and may use its discretion to rule differently when the issue is reconsidered. *People v. Spicer*, 44 Ill. App. 3d 200, 358 N.E.2d 104.

I would affirm the court's action in admitting the record of the Indiana conviction.