THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NORMAN SMITH, Defendant-Appellant.

Fifth District No. 78-129

Opinion filed July 9, 1979.

Richard J. Wilson and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.

Howard Hood, State's Attorney, of Murphysboro (Robert C. Perry and Larry Wechter, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KUNCE delivered the opinion of the court:

After a jury trial in the Circuit Court of Jackson County, defendant-appellant Norman Smith was convicted of rape and indecent liberties

with a child; he was sentenced to concurrent terms of 15 to 45 years imprisonment.

The complaining witness, the 13-year-old niece of the defendant, testified that she was raped while at the defendant's house visiting his daughter. It was not until some six weeks later, after the defendant had made further advances towards her, that she told her mother of the alleged rape. Defense counsel called no witnesses; in his closing argument he attacked the credibility of the complainant.

We need consider only one of the issues raised: whether the court below erred in denying the defendant's motion in limine which sought to exclude from evidence the record of the defendant's prior conviction of indecent liberties with a child some 8½ years prior to the offenses charged.

At the hearing on the motion, defense counsel argued that bringing the prior conviction to the attention of the jury would lead to the inference that the defendant had a propensity to commit such offenses, and that the threat of the introduction of such evidence in the guise of impeachment would effectively deprive the defendant of the right to testify on his own behalf. The State argued that evidence of such a prior felony conviction was proper impeachment, and that adequate safeguards were provided for by way of jury instructions. In announcing its ruling in favor of the State, the court stated:

> "I don't know if that [prejudice to the defendant] is an avoidable matter in any case where there is a prior conviction. I think the law is clear, and clear to the advantage of the State, and the Court is not about to change the law in that area. The motion is denied. The instructions, if we reach that point, will be given in accordance with the law, and they are an attempt by the Supreme Court and its committees to alleviate the very problem that you are discussing, Mr. Rippe. Whether they succeed or not is something else. Motion is denied."

■■ It is well settled that a trial court has the discretion to exclude evidence that a witness has formerly been convicted of a crime whenever the court determines that the probative value of the evidence of the prior conviction as impeachment is substantially outweighed by the danger of unfair prejudice to the defendant. (*People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695.) *Montgomery* and subsequent cases require that the trial court carefully weigh all the circumstances of the particular case in making its decision. (See, *e.g., People v. Guthrie* (1978), 60 Ill. App. 3d 293, 376 N.E.2d 425; *People v. Wright* (1977), 51 Ill. App. 3d 461, 366 N.E.2d 1058.) Determining the truth of the case being tried must be the court's touchstone. As this court said recently in *People v. Cooper* (1978), 66 Ill. App. 3d 205, 207, 383 N.E.2d 768, 770: "The most important factor which the trial court considers when it excludes a prior conviction offered

for purposes of impeachment is inducement of the defendant to testify and thereby serve the cause of truth."

We need not, and do not, decide whether a decision to admit the prior conviction after balancing probative value against potential for prejudice would have been error here. The comments of the trial court make it abundantly clear that the court thought that it had no discretion in ruling on the motion, and that the only protection that the defendant had against being prejudiced by admission of the prior conviction was a limiting jury instruction. We note that the supreme court's doubts about the effectiveness of such instructions were expressed in *Montgomery*. The State's assertion that we must presume that the trial court gave appropriate consideration to the relevant factors is wide of the mark; the court clearly did not conduct any balancing process by considering all relevant factors in exercising his discretion as required by *Montgomery*. The court acted peremptorily without weighing and striking a reasonable balance between the interests of the defendant and the probative value of the prior conviction on the issue of credibility.

■■ Nor do we agree that to preserve the issue for review, a defendant must take the stand and testify and then object to the attempted introduction of his prior conviction. The motion in limine is a proper vehicle to bring such an issue to the attention of the court. When such a motion is presented to a trial court, it has the duty to hear the arguments of the parties and make a reasoned decision on the basis of the particular circumstances of the case. Perhaps the better practice would be to delay ruling on the motion until after presentation of the State's evidence.

■■ In summary, we hold that the trial court failed to exercise its sound discretion in ruling on the motion in limine, and that the defendant was prejudiced thereby. Therefore, the judgment of the Circuit Court of Jackson County is reversed, and the cause is remanded to that court for a new trial.

Reversed and remanded.

JONES and KASSERMAN, JJ., concur.