THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GLEN McEWEN, Defendant-Appellant.

First District (2nd Division)    No. 80-1613

Opinion filed February 9, 1982.—Rehearing denied March 1, 1982.

Ralph Ruebner and Bradley S. Bridge, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Casimir J. Bartnik, and David A. Shapiro, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HARTMAN delivered the opinion of the court:
A jury found defendant guilty of armed robbery and armed violence based on the predicate felony of unlawful restraint. He was sentenced to a term of 8 years for each offense to be served concurrently. Defendant appeals. Among the issues presented are whether: the trial court properly allowed testimony of a witness that defendant asked her not to "come to court"; the trial court properly denied defendant's motion for a continuance to talk to the victim when defendant found new evidence; and defendant's conviction of both armed violence based on unlawful restraint and armed robbery was improper.

The State's evidence included testimony from Herbert Ferguson, the victim (victim), who stated that on August 17, 1978, between 5 and 6 p.m.,

three men walked towards him as he approached his auto. He entered the driver's side of his car but the "leader" pushed him over to the passenger side and "grabbed" his keys. The "leader" drove while the other two were seated in the back, one of whom was defendant, who pointed a black revolver with brown handles at his head. He was told not to make any "funny moves" or else "his brains would be blown out." The trip lasted about 55 minutes and they told him to get out. The offenders drove off with his car, eyeglasses, wallet, watch and briefcase containing travel brochures.

Doretha Hammond testified for the State. She shared an apartment with Elgin James (who initially was a co-defendant until defendant's motion for severance was granted). In the evening hours on the day in controversy, James, McEwen, and Steven Levy entered her apartment possessing a wallet containing victim's license and picture, a briefcase containing travel brochures and a black gun with brown handles. The three men told her that they waited outside a parking lot for a car owner and then held him at gunpoint. Defendant privately told her "how scared the man was when they held him at gunpoint." In March 1980, defendant approached her outside of her school and asked her not to come to court.

At the close of the State's case, defense counsel requested a continuance in order to interview the victim concerning a conversation he allegedly had with defendant's father and brother-in-law to the effect that he was "really unsure who had the gun." The motion was denied.

I

■■ Defendant contends that the trial court failed to weigh the potential prejudice to defendant as against its probative value when it improperly allowed Hammond to testify that defendant asked her not to "come to court," because this constituted evidence of another crime, namely, intimidation of a witness. (Ill. Rev. Stat. 1979, ch. 38, par. 32—4(b).) Defendant cites *People v. Smith* (1979), 73 Ill. App. 3d 577, 392 N.E.2d 347, in support of his assertion that a court's failure to recognize its discretion is reversible error. That case, however, is easily distinguishable since it involved the admission of defendant's prior conviction of indecent liberties with a child 8½ years before the offense charged. The instant case involves the admission of evidence of another crime clearly relevant to consciousness of guilt. Assuming, *arguendo*, that such a conversation could be construed as intimidation of a witness, in a criminal case it is admissible and relevant to show consciousness of guilt. *People v. Gambony* (1948), 402 Ill. 74, 80, 83 N.E.2d 321, *cert. denied sub nom. Gambony v. Ragen* (1949), 337 U.S. 910, 93 L. Ed. 1722, 69 S. Ct. 1045; *People v. Jones* (1980), 82 Ill. App. 3d 386, 393, 402 N.E.2d 746.

## II

Defendant next assigns reversible error to the trial court's denial of his motion for a continuance for the purpose of seeking an opportunity to talk to the victim about his purported statements to his father and brother-in-law in the hallway of the courtroom at the close of the State's case, to the effect that he was unsure who really held the gun. The State maintains that defendant failed to preserve this issue on appeal by failing to raise it in his written motion for a new trial. *People v. Pickett* (1973), 54 Ill. 2d 280, 282, 296 N.E.2d 856.

■■■ Assuming the asserted error had been properly preserved, defendant's assertion is unpersuasive. The right to a continuance is not absolute, but is a matter for the sound discretion of the trial court. (*People v. Davis* (1970), 45 Ill. 2d 514, 519, 261 N.E.2d 314.) In order to reverse the trial court's exercise of discretion, it must be demonstrated that the denial of the continuance embarrassed the accused in the preparation of his defense so as to prejudice his rights. (*People v. Arndt* (1972), 50 Ill. 2d 390, 394-95, 280 N.E.2d 230.) In determining whether a denial of a continuance violates the accused's right to prepare an adequate defense, the circumstances of each case must be weighed, including the reasons presented to the trial judge at the time the request is denied. (*People v. Lott* (1977), 66 Ill. 2d 290, 297, 362 N.E.2d 312.) Defendant argues that the newly discovered evidence cast doubt on the victim's ability to identify McEwen as a party to the incident. From the argument presented to the trial court in the form of an offer of proof, however, it appears that the victim's extrajudicial statement did not change any material aspect of his identification testimony. We find no basis for disturbing the jury's verdict under these circumstances.

## III

Defendant maintains, finally, that the armed violence conviction arose out of the same conduct that provided the grounds for the armed robbery conviction in violation of *People v. King* (1977), 66 Ill. 2d 551, 368 N.E.2d 838. The State contends that defendant waived this issue by failing to raise it at trial or in his post-trial motion.

■■ Assuming, for the purpose of argument, that the point had been properly preserved, defendant's position must be rejected for two reasons. First, the convictions involved multiple acts. The armed violence charge arose out of the unlawful restraint which occurred when the offenders accosted the victim at gunpoint and pushed him into the car. (Ill. Rev. Stat. 1979, ch. 38, pars. 10—3(a) and 33A—2.) The armed robbery charge arose from later conduct when the offenders took the victim's watch, wallet, briefcase, glasses and car. (Ill. Rev. Stat. 1979, ch.

38, par. 18—2(a).) Second, armed robbery and armed violence based on unlawful restraint are separate crimes; each requires the existence of different facts to sustain a conviction. (*People v. Vriner* (1978), 74 Ill. 2d 329, 385 N.E.2d 671.) Finally, it should be noted that there is no "double" enhancement involved here since the predicate felony of unlawful restraint by definition may be committed without a dangerous weapon. *People v. Haron* (1981), 85 Ill. 2d 261, 278, 422 N.E.2d 627.

For the reasons aforesaid, defendant's convictions cannot be set aside. The jury verdict and judgment accordingly must be affirmed.

Affirmed.

STAMOS, P. J., and DOWNING, J., concur.