THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* J.A., a Minor, Respondent-Appellant.

First District (3rd Division)   No. 83—606

Opinion filed September 28, 1984.

Steven Clark and Cheryl Berdelle, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Kevin A. Sweeney, and Timothy J. Frenzer, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNAMARA delivered the opinion of the court:

A petition for adjudication of wardship charged the minor respondent with robbery in that he took food and $10 from another person. Because respondent had two prior adjudications for robbery, the juvenile court granted the State's motion that he be prosecuted as a habitual juvenile offender under section 5—12 of the Juvenile Court Act (Ill. Rev. Stat. 1983, ch. 37, par. 705—12). After a hearing, respondent was adjudicated a ward of the court. At another hearing, he was committed to the Department of Corrections, Juvenile Division, until his 21st birthday. On appeal, respondent contends that the juvenile habitual offender statute cannot be construed to include adjudications of delinquency occurring prior to respondent's 13th birthday, that the application of the habitual offender statute here constitutes a denial of due process, that the commitment constitutes cruel and unusual punishment, that the prosecution of respondent under the habitual offender statute constitutes an abuse of prosecutorial discretion,

and that the trial court's denial of respondent's request for a continuance constituted reversible error.

Jeffrey Pryor testified that on August 31, 1982, as he was carrying a bag of chicken, he was accosted by several teenagers, one of whom was respondent. When Pryor refused to give up his food, respondent summoned two more boys and began pushing the victim against a wall. After one assailant struck Pryor in the face and another grabbed him in a headlock, respondent took $10 from Pryor's pocket. The robbers then fled.

Respondent, 13 years old, testified that he knew his friends intended to rob and beat Pryor. Respondent, however, stood 10 feet away and did not participate. Two other boys, charged with the same robbery, corroborated respondent's testimony.

■■ Respondent first maintains that because he was 12 years old at the time of his two prior adjudications of delinquency and at that time could not be prosecuted as an adult under any circumstances, the requirements of section 5—12 were not met. Section 5—12 of the Juvenile Court Act provides in pertinent part:

> "(a) Any minor having been twice adjudicated a delinquent minor for *offenses which, had he been prosecuted as an adult, would have been felonies under the laws of this State,* and who is thereafter adjudicated a delinquent minor for a third time shall be adjudged an Habitual Juvenile Offender where:
>
> * * *
>
> 4. the third offense was based upon the commission of or attempted commission of the following offenses: murder, voluntary or involuntary manslaughter; rape or deviate sexual assault; aggravated or heinous battery involving permanent disability or disfigurement or great bodily harm to the victim; burglary of a home or other residence intended for use as a temporary or permanent dwelling place for human beings; home invasion; robbery or armed robbery; or aggravated arson." (Emphasis added.) Ill. Rev. Stat. 1983, ch. 37, par. 705—12.

Respondent interprets the emphasized statutory language as an age classification restricting the statute's applicability, since only minors between the ages of 13 and 17 may be prosecuted as an adult. (Ill. Rev. Stat. 1983, ch. 37, par. 702—7.) The State urges that the Act merely defines the type of crime to which the statute will apply and that it is applicable to all delinquency adjudications.

The language of a statute must be given its plain and ordinary meaning. (*People v. Moore* (1978), 69 Ill. 2d 520, 372 N.E.2d 666.)

And from our reading, the plain and ordinary meaning of the Act precludes respondent's claim. There is nothing in the language to indicate the legislature intended to create a special class of juvenile offenders under the age of 13 whose adjudications would not subject them to the habitual juvenile offender statute. That the pertinent language describes the type of offense and not the age of the offender is clear from a reading of the entire statute. The fourth requirement of the statute specifies the felonies which must be committed before a minor is subject to such an adjudication. The legislature intended to deal with the problem of serious crime committed by minors, and it did not draw a distinction for serious offenders under the age of 13. The juvenile court properly considered respondent's prior adjudications in adjudging respondent a habitual juvenile offender.

■ Respondent next contends that consideration of his prior adjudications of delinquency denies his right to due process and equal protection. He argues that, had his prior offenses occurred after his 13th birthday, he could have transferred the cases to the criminal court to be tried as an adult, thereby circumventing the habitual juvenile offender statute. Respondent further argues that the statute illogically imposes the harshest and longest penalty on the youngest and least serious offender.

We find the holding of *People ex rel. Carey v. Chrastka* (1980), 83 Ill. 2d 67, 413 N.E.2d 1269, to be dispositive of the issue. There, our supreme court held that the habitual juvenile offender statute did not violate the due process or equal protection clauses of the constitution. The court stated: "We do not believe that the fortuitous disparity of the terms of confinement of habitual juvenile offenders which results from the variance in age of such individuals serves to invalidate the means chosen to effectuate the purpose of the Act." (83 Ill. 2d 67, 81.) We also reject respondent's position that a younger juvenile, adjudged a habitual juvenile offender for the commission of three robberies, is any less a serious threat to society than an older juvenile committing the same acts.

■ Respondent next contends that the imposition of an eight-year sentence was cruel and unusual punishment for robbing another boy of $10 and a bag of chicken. Although the *Chrastka* court specifically rejects this argument, respondent maintains that the decision of the United States Supreme Court in *Solem v. Helm* (1983), ___ U.S. ___, 77 L. Ed. 2d 637, 103 S. Ct. 3001, requires a reassessment. In *Solem*, the court considered three factors in evaluating whether a particular sentence constituted cruel and unusual punishment. The court looked at the gravity of the offense compared to the harshness of the

penalty, the sentence imposed on other criminals in the same jurisdiction, and the sentences imposed for the same crime in other jurisdictions.

Assuming the *Solem* factors apply to juvenile proceedings, we find that the criteria are met in the present case. Respondent's previous adjudications, in October and December 1981, were for two robberies of a total of $36. Contrary to respondent's assertions, pushing a victim into a wall, holding him in a headlock, striking him in the face, and robbing him of his money on a public street is indeed a serious offense. Respondent's conduct was violent and unprovoked, and the gravity of the offense justified the court's disposition. Moreover, the remaining criteria are also met. Rather than applying the same penalty to offenses of unequal severity, the statute is limited to specific serious, multiple offenses. The Act is also comparable to juvenile statutes in other jurisdictions. See, *e.g.*, Cal. Welf. & Inst. Code sec. 607(b) (West Supp. 1984); N.Y. Family Court Act Law sec. 353.5 (McKinney 1983).

■ Respondent also maintains that the prosecutor abused his discretion in proceeding under the habitual juvenile offender statute when respondent was charged with a minor offense. Respondent concedes that his offense technically constituted robbery, but urges that it is not the serious offense intended by the legislature to trigger the application of the statute.

A prosecutor has wide latitude in determining the charges to be brought, after a fair evaluation of the evidence and a fair consideration of what the proper charge should be. (*People v. Rhodes* (1967), 38 Ill. 2d 389, 231 N.E.2d 400.) We find no evidence of abuse of discretion or vindictiveness here in charging respondent as a habitual juvenile offender when he was twice adjudged delinquent and was again before the juvenile court charged with robbery. As we have already noted, the robbery was indeed serious.

■ Respondent finally urges that the juvenile court abused its discretion in denying his request for a continuance to call a material witness.

During the hearing, the State presented the testimony of Officer Caddigan, who had questioned Pryor after the robbery. Caddigan stated that Pryor first told him that respondent held him while another boy took the money and later said that respondent took the money. At the hearing, Pryor testified that respondent took his money. Defense counsel requested a continuance to call Officer Keever, who had spoken with Caddigan and compiled the police report on the incident. The judge denied the request.

An accused, of course, has the right to summon witnesses in his defense. A motion for continuance may be made when a material witness is unavailable, but the right to a continuance is not absolute. (*People v. McEwen* (1982), 104 Ill. App 3d 410, 432 N.E.2d 1043.) In claiming an abuse of discretion, the accused must demonstrate that the denial of the continuance impeded him in the preparation of his defense or prejudiced his rights. *People v. Petrovic* (1981), 102 Ill. App. 3d 282, 430 N.E.2d 6.

The testimony of Caddigan adequately established that Pryor had given him two different versions of who took the money, and McKeever's testimony would have been cumulative on the issue. Consequently, the absence of the witness did not prejudice respondent, and the juvenile court did not abuse its discretion in denying the request for a continuance.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McGILLICUDDY and WHITE, JJ., concur.