THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GARLAND RUSH-BEY, Defendant-Appellant.

Fifth District   No. 5—85—0675

Opinion filed February 4, 1987.

Randy E. Blue and Michelle A. Zalisko, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

Defendant, Garland Rush-Bey, appeals from a judgment of conviction of the offense of unlawful possession of 15 grams or more of a substance containing heroin with the intent to deliver (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(a)(1)) entered upon a jury verdict in the circuit court of St. Clair County.

Defendant was arrested on March 6, 1985, at his parents' home at 634 North 23rd Street, East St. Louis. Heroin was found in the basement of the home. The dispute in this cause centers on whether the State proved defendant's constructive possession of the heroin. In an information filed March 11, 1985, defendant was charged with the offense of unlawful possession of heroin with the intent to deliver. (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(a)(1).) Prior to trial, defendant filed a motion *in limine* to exclude evidence of his prior conviction for Federal bank robbery. Defendant's motion was denied. Defendant also presented a *pro se* motion to suppress evidence which was subsequently withdrawn upon the advice of counsel.

The State's evidence at trial established that three heroin purchases were made at 634 North 23rd Street by a confidential source acting in cooperation with the Division of Criminal Investigation (DCI). The third purchase was made the day prior to defendant's arrest. On each occasion the source would pick up a man later identified as Earl Price and drive to defendant's parents' home where Price would purchase heroin with marked money given him by the source. Agent Banks testified that, at the time of the third purchase, he saw defendant hand Price a package. Banks' testimony was impeached by his failure to make reference to the package in his written report and a prior statement that he was not sure that the man

on the porch was defendant.

A search warrant was issued based upon the information gathered at the three heroin purchases. Upon searching the house, defendant was found coming up the basement stairs. No drugs were found on defendant. Francine Blades, defendant's girlfriend, was found next to a bed in the basement wielding a gun. Heroin was found in a margarine container on a night stand, in a bowl on a dresser, and in capsules on the bed. A portion of the money which had been marked for the heroin purchases was found in a coin purse on the bed. Charlie Rush, defendant's father, signed a written statement stating that defendant and Blades had been living in the basement for five or six months. At trial, Rush said that he had signed the statement, which had been written by an officer, without reading it and denied that defendant had been living in the basement. Charlene Gaines, defendant's sister, testified that defendant and Blades had been living in her home in Florissant, Missouri, since late 1983 or early 1984. Agent Donini testified that upon gathering personal information from defendant, defendant gave his address as 634 North 23rd Street.

The jury returned a guilty verdict, and defendant was sentenced to 17 years' imprisonment. We note that defendant has filed a *pro se* brief in addition to the brief filed on his behalf by the State Appellate Defender. Any meritorious arguments raised by defendant have been addressed in the context of the arguments as set forth in the State Appellate Defender's brief.

The first issue is whether defendant was denied the effective assistance of counsel. Defendant contends that his trial counsel incorrectly advised him to withdraw his *pro se* motion to suppress evidence. Because defendant's motion alleged that he was merely a visitor in his parents' home and had no possessory interest in the premises, counsel was of the opinion that defendant lacked standing to challenge the search. To have standing, defendant would have had to admit that he lived in his parents' home. Such an admission would have been inconsistent with defendant's position at trial. Upon this advice, defendant withdrew his motion.

■■ ■ To establish ineffective assistance of counsel, defendant must show that his counsel's performance was deficient and that, but for the deficient performance, the result of the proceedings would have been different. (*Strickland v. Washington* (1984), 466 U.S. 668, 687-96, 80 L. Ed. 2d 674, 693-99, 104 S. Ct. 2052, 2064-69; *People v. Albanese* (1984), 104 Ill. 2d 504, 525-26, 473 N.E.2d 1246, 1255.) Although we believe that a strong argument can be

made that counsel's advice was based upon sound trial strategy, we will dispose of defendant's claim on the ground of lack of sufficient prejudice. The decisive question is whether the motion to suppress would have been granted had defendant not withdrawn the motion upon counsel's advice. The complaint for the search warrant described in detail the facts of the three heroin purchases as they were observed by the DCI. The complaint provided a substantial basis for the issuance of the warrant. (See *Illinois v. Gates* (1983), 462 U.S. 213, 238, 76 L. Ed. 2d 527, 548, 103 S. Ct. 2317, 2332.) Having concluded that the judge issuing the search warrant had a substantial basis for determining that probable cause existed to search the premises, there would have been no basis for granting defendant's motion to suppress. Therefore, defendant has failed to establish that counsel's deficient performance affected the outcome of the proceedings.

The second issue is whether the trial court erred in denying defendant's motion *in limine* to bar the State from using his 1971 Federal bank-robbery conviction for impeachment purposes. We note that defendant does not challenge the court's finding that based upon the date of defendant's release from prison, the conviction fell within the time period set forth in *People v. Montgomery* (1971), 47 Ill. 2d 510, 516, 268 N.E.2d 695, 698. Defendant contends that the trial court abused its discretion in finding that the probative value of the conviction outweighed any possible prejudice to defendant. (See *People v. Montgomery* (1971), 47 Ill. 2d 510, 517, 268 N.E.2d 695, 699.) The State asks this court to reconsider our decision in *People v. Smith* (1979), 73 Ill. App. 3d 577, 392 N.E.2d 347, in light of *Luce v. United States* (1984), 469 U.S. 38, 83 L. Ed. 2d 443, 105 S. Ct. 460, and hold that the issue is waived where, as here, the defendant did not testify and the conviction was never admitted into evidence. Alternatively, the State argues that denial of the motion was proper.

In *Luce,* the Supreme Court held that a defendant must testify in order to raise and preserve for review the claim of improper impeachment with a prior conviction under Rule 609 of the Federal Rules of Evidence (Fed. R. Evid. 609). (*Luce v. United States* (1984), 469 U.S. 38, 42, 83 L. Ed. 2d 443, 448, 105 S. Ct. 460, 464.) The court reasoned that "[a]ny possible harm flowing from a [trial] court's *in limine* ruling permitting impeachment *** is wholly speculative." (469 U.S. 38, 41, 83 L. Ed. 2d 443, 447, 105 S. Ct. 460, 463.) In *People v. Redman* (1986), 141 Ill. App. 3d 691, 699-700, 490 N.E.2d 958, 963-64, the Fourth District of the Appellate Court ap-

plied the rationale of *Luce* in holding that a defendant who fails to testify cannot challenge on appeal an adverse ruling on a motion *in limine* based upon *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695. In so holding, the court recognized that a contrary conclusion has been reached in *People v. Smith* (1979), 73 Ill. App. 3d 577, 392 N.E.2d 347, but declared that it found the rationale of *Luce* more persuasive. *People v. Redman* (1986), 141 Ill. App. 3d 691, 700, 490 N.E.2d 958, 964.

Upon reconsideration of our decision in *Smith* and in light of the persuasive rationale underlying the Supreme Court's decision in *Luce*, we hold that defendant's failure to testify precludes him from challenging on appeal the trial court's denial of his motion *in limine* to exclude evidence of his prior conviction for impeachment purposes. Moreover, we note that the record indicates that the trial court properly balanced the probative value of defendant's prior conviction with the danger of unfair prejudice. (See *People v. Montgomery* (1971), 47 Ill. 2d 510, 517, 268 N.E.2d 695, 699.) Therefore, even if defendant had properly preserved the issue for review, it would have failed on the merits.

The third issue is whether defendant was proved guilty beyond a reasonable doubt. To support a conviction for unlawful possession of a controlled substance, the State must prove beyond a reasonable doubt that defendant had knowledge of the presence of the heroin and that the heroin was in the immediate and exclusive control of defendant. (*People v. Jones* (1982), 105 Ill. App. 3d 1143, 1148, 435 N.E.2d 823, 826.) Constructive possession, which requires a showing that defendant controlled the premises where drugs were found, gives rise to an inference of knowledge and possession. (*People v. Jones* (1982), 105 Ill. App. 3d 1143, 1148, 435 N.E.2d 823, 826.) Such an inference may be sufficient to sustain a conviction absent other factors and circumstances that might leave a reasonable doubt as to guilt in the mind of the trier of fact. (*People v. Atencia* (1983), 113 Ill. App. 3d 247, 250, 446 N.E.2d 1243, 1245.) Defendant argues that the evidence failed to establish his control over the premises. The State maintains that the evidence established that defendant and Blades had been living in the basement. Whether there is possession and knowledge are questions of fact to be resolved by the jury, and its findings will not be disturbed on review unless the evidence is so palpably contrary to the verdict or so unreasonable, improbable, or unsatisfactory as to create a reasonable doubt as to guilt. *People v. Knight* (1985), 133 Ill. App. 3d 248, 258, 478 N.E.2d 1082, 1091.

Our review of the evidence leads us to conclude that the jury's determination that defendant was in control of the basement where the heroin was found is not so unreasonable or improbable as to create a reasonable doubt of defendant's guilt. The State introduced photographs of the basement which support the conclusion that someone was using the basement as living quarters. Defendant was found coming up the basement stairs and Blades was found standing next to the bed with a gun. White capsules containing heroin were found on the bed. Heroin was also found on the dresser and night stand. Several $20 bills which had been used to purchase heroin by the confidential source were found in a coin purse on the bed. Prior to transporting Blades, one of the detectives returned to the basement at Blades' request to retrieve a pair of underwear and a brassiere from the clothesline. Agent Donini testified that, while gathering personal information from defendant, defendant gave his address as that of his parents' home. Defendant's father gave a written statement on the day of the arrest stating that defendant and Blades lived in the basement. The parties agree that neither defendant's father nor mother were able to go down to the basement because of illness.

Defendant's evidence that he was merely a visitor at his parents' home and had no control over the basement consisted of his father's testimony at trial that defendant had not been living in the basement and his sister's testimony that defendant and Blades lived at her home. The weight to be accorded such testimony is a task for the jury, and we will not substitute our judgment as to the credibility of witnesses for that of the trier of fact. (*People v. Glover* (1975), 27 Ill. App. 3d 827, 830, 327 N.E.2d 310, 312.) Defendant also contends that his father's testimony that defendant's brothers sometimes slept in the basement defeats the State's claim of control. However, mere access by other persons to the area where drugs are found is insufficient to defeat a charge of constructive possession. (*People v. Martine* (1984), 121 Ill. App. 3d 793, 799, 460 N.E.2d 456, 460, *rev'd on other grounds* (1985), 106 Ill. 2d 429, 478 N.E.2d 262.) Lastly, defendant points to the impeachment of Agent Banks' testimony regarding his observation of the third heroin purchase. As with the testimony of defendant's father and sister, we will not substitute our judgment as to the credibility of witnesses for that of the jury. *People v. Glover* (1975), 27 Ill. App. 3d 827, 830, 327 N.E.2d 310, 312.

Based upon the foregoing, we conclude that the State established defendant's guilt beyond a reasonable doubt and excluded every rea-

sonable hypothesis of defendant's innocence. See *People v. Atencia* (1983), 113 Ill. App. 3d 247, 251, 446 N.E.2d 1243, 1246.

■■■ The fourth issue is whether the imposition of a 17-year sentence of imprisonment constitutes an abuse of discretion. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 153, 368 N.E.2d 882, 883.) Possession of 15 grams or more of a substance containing heroin is a Class X felony (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(a)(1)) punishable by a term of incarceration of not less than 6 and not more than 30 years (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a)(3)). The trial court stated as its reasons for imposing a 17-year sentence that defendant had a prior history of criminal activity (see Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(a)(3)), that defendant was likely to commit another offense, that the sentence was necessary to deter others from committing the same crime (see Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(a)(7)), and that the sentence was necessary for the protection of the public. The trial court is in a superior position to that of a reviewing court to assess the various factors upon which a sentence is predicated. (*People v. Ruskey* (1986), 149 Ill. App. 3d 482, 494-95.) We do not believe that the sentence imposed by the trial court is greatly at variance with the purpose and spirit of the law as defendant contends and, consequently, we find no abuse of discretion.

■■■ Defendant's final contention is that he is entitled to two days' credit toward his sentence for time served but not reflected on the sheriff's certificate. The State agrees that defendant was taken into custody on March 6, 1985, not March 8, 1985, as reflected on the sheriff's certificate. Therefore, we direct that the mittimus be amended to reflect an additional two days of credit for time spent in custody prior to sentencing.

For the reasons given, the judgment of conviction of the circuit court of St. Clair County is affirmed and the cause remanded with directions to amend the mittimus.

*Affirmed and remanded with directions.*

JONES and WELCH, JJ., concur.