946 F.2d 897
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Garland RUSH-BEY, Petitioner-Appellant,
v.
Howard PETERS, Warden, and Roland W. Burris,
** Respondents-Appellees.
 No. 89-1902.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 10, 1991.*
Decided Oct. 17, 1991.
 
 Before BAUER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Garland Rush-Bey appeals pro se from the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.
 
 I.
 
 2
 Rush-Bey was convicted, in the Circuit Court of St. Clair County, Illinois, of one count of unlawful possession of fifteen grams or more of a substance containing heroin with the intent to deliver. The circuit court sentenced Rush-Bey to seventeen years imprisonment. The Appellate Court of Illinois affirmed his conviction and sentence. See People v. Rush-Bey, 152 Ill.App.3d 17, 503 N.E.2d 1193 (1987). The Illinois Supreme Court denied Rush-Bey leave to appeal.
 
 
 3
 Rush-Bey has not challenged the summary of facts contained in the opinion of the Appellate Court of Illinois; consequently, this court assumes that the summary of facts is true and bases its decision on it. See 28 U.S.C. § 2254(d); see also Sumner v. Mata, 449 U.S. 539 (1981); United States ex rel. Green v. Greer, 667 F.2d 585, 587-88 (7th Cir.1981). We repeat them here for convenience.
 
 
 4
 The state's evidence at trial established that three heroin purchases were made at 634 North 23rd Street by a confidential source acting in cooperation with the Division of Criminal Investigation (DCI). The third purchase was made the day prior to defendant's arrest. On each occasion the source would pick up a man later identified as Earl Price and drive to defendant's parents' home where Price would purchase heroin with marked money given him by the source. Agent Banks testified that, at the time of the third purchase, he saw defendant hand Price a package. Banks' testimony was impeached by his failure to make reference to the package in his written report and a prior statement that he was not sure that the man on the porch was defendant.
 
 
 5
 A search warrant was issued based upon the information gathered at the three heroin purchases. Upon searching the house, defendant was found coming up the basement stairs. No drugs were found on defendant. Francine Blades, defendant's girlfriend, was found next to a bed in the basement wielding a gun. Heroin was found in a margarine container on a nightstand, in a bowl on a dresser and in capsules on the bed. A portion of the money which had been marked for the heroin purchases was found in a coin purse on the bed. Charlie Rush, defendant's father, signed a written statement stating that defendant and Blades had been living in the basement for five or six months. At trial, Rush said that he had signed the statement, which had been written by an officer, without reading it and denied that defendant had been living in the basement. Charlene Gaines, defendant's sister, testified that defendant and Blades had been living in her home in Florissant, Missouri since late 1983 or early 1984. Agent Donini testified that upon gathering personal information from defendant, defendant gave his address as 634 North 23rd Street.
 
 
 6
 Prior to trial, Rush-Bey filed a pro se motion to suppress the evidence seized during the search of the basement, but subsequently withdrew the motion on the advice of counsel.
 
 II.
 
 7
 Rush-Bey raises three claims on appeal: (1) sufficiency of the evidence; (2) ineffective assistance of trial counsel; and (3) district court error in failing to conduct an evidentiary hearing. We address these in turn.
 
 A. Sufficiency of the Evidence
 
 8
 Rush-Bey contends that the state failed to prove him guilty beyond a reasonable doubt. He argues that the evidence was not sufficient to prove that he possessed the heroin. Under Illinois law, "[p]ossession may be established by evidence of actual physical possession or constructive possession.... [E]vidence showing that the defendant had control over the premises where the drugs were found gives rise to an inference of knowledge and possession." People v. Jones, 105 Ill.App.3d 1143, 1148, 435 N.E.2d 823, 826 (1982). "The standard to be applied by a federal court on habeas review in assessing the sufficiency of the evidence supporting a state court conviction is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof of guilt beyond a reasonable doubt." United States ex rel. Wandick v. Chrans, 869 F.2d 1084, 1089 (7th Cir.1989) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). We defer to reasonable inferences drawn by the jury and to its weighing of the evidence and assessment of a witness's credibility. United States v. Whaley, 830 F.2d 1469, 1472 (7th Cir.1987).
 
 
 9
 Here the evidence included photographs which showed that the basement was being used as living quarters. Rush-Bey was found coming up the basement stairs, and his girlfriend was found standing next to the bed brandishing a gun. Prior to taking Blades away, one of the detectives returned to the basement at Blades's request to retrieve some clothing from a clothesline. An agent testified that, while gathering personal information from Rush-Bey, Rush-Bey gave his address as 634 West 23rd Street. Rush-Bey's father also gave a written statement that Rush-Bey and Blades lived in the basement. Further, neither Rush-Bey's mother nor father were physically capable of walking the steps to go into the basement. The evidence also showed that the police found heroin on the dresser, nightstand and bed. The police also found marked bills in a coin purse on the bed. Although Rush-Bey introduced conflicting evidence, we defer to the jury's credibility determination and weighing of the evidence in concluding that Rush-Bey had knowledge of the presence of heroin and was in control of the basement where the heroin was found. Viewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found that Rush-Bey had knowledge of the presence of the heroin and that he controlled the premises where it was found.
 
 B. Ineffective Assistance of Counsel
 
 10
 Rush-Bey also contends that trial counsel was ineffective. Rush-Bey makes three arguments in support of this claim. Each relate to his disagreement with the theory that defense counsel chose to pursue. Prior to trial, Rush-Bey filed a pro se motion to suppress the evidence seized pursuant to the search. Rush-Bey's pro se motion alleged that he was merely visiting his parents' home and had no possessory interest in the premises. On counsel's advice, Rush-Bey voluntarily withdrew the motion. Counsel was of the view that Rush-Bey lacked standing to challenge the search and to establish standing he would have had to admit that he lived in the basement of his parents' home. This would have been inconsistent with counsel's theory of defense. Counsel's strategy was to attempt to create a doubt on the element of possession. At trial, counsel relied on the fact that the heroin was not found in Rush-Bey's actual possession and presented evidence to refute constructive possession. Rush-Bey now disagrees with this tactic. He argues that counsel was misinformed regarding the law of search and seizure, should have filed a motion to suppress and incorrectly advised him to withdraw his pro se motion to suppress.
 
 
 11
 We review Rush-Bey's ineffective assistance claim under the familiar two-part test established in Strickland v. Washington, 466 U.S. 668 (1984). First, Rush-Bey must show that "counsel's representation fell below an objective standard of reasonableness." See id. at 687-88. Our review of counsel's performance must be highly deferential, and we must avoid the temptation to second-guess counsel. See id. at 689. Second, Rush-Bey must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." See id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.
 
 
 12
 Counsel's decision to pursue the defense that Rush-Bey was not in possession of the heroin was a strategic one. This court will not second-guess counsel's strategic decisions. See Strickland, 466 U.S. at 690-91; United States v. Simone, 931 F.2d 1186, 1194-97 (7th Cir.1991). That the defense was unsuccessful does not make counsel's performance deficient. Furthermore, Rush-Bey followed counsel's advice to withdraw the motion. "Where a defendant, fully informed of the reasonable options before him, agrees to follow a particular strategy at trial, that strategy cannot later form the basis of a claim of ineffective assistance of counsel." See United States v. Weaver, 882 F.2d 1128, 1140 (7th Cir.1989).
 
 
 13
 Nor has Rush-Bey made a sufficient showing that, but for counsel's failure to move to suppress the evidence and his advice to withdraw the pro se motion, the motion would have been granted. The complaint for the search warrant was based on the statement of a DCI officer which detailed the facts of the three heroin purchases. As the Appellate Court of Illinois found, the complaint provided a substantial basis for a finding of probable cause and the issuance of the warrant. Rush-Bey has failed to meet his burden of showing that there was any basis for granting a motion to suppress. That is, he has failed to show that he was prejudiced; therefore, Rush-Bey's ineffective assistance claim fails for this reason as well.
 
 C. Evidentiary Hearing
 
 14
 Rush-Bey finally contends that the district court erred when it failed to grant him an evidentiary hearing on his petition. He argues that the record was not sufficiently developed to permit the court to address the sufficiency of the evidence claim or to assess the sufficiency of the affidavit upon which the finding of probable cause for the search warrant was based.
 
 
 15
 In a habeas corpus proceeding, "a federal evidentiary hearing is required unless the state court trier of fact has after a full hearing reliably found the relevant facts." Townsend v. Sain, 372 U.S. 293, 312-13 (1963). A hearing was not necessary to evaluate Rush-Bey's sufficiency of the evidence claim because such a claim is, by its nature, tied to the existing state court record.
 
 
 16
 Nor was a hearing necessary to evaluate Rush-Bey's fourth amendment claims. The district court noted that because Rush-Bey had failed to raise the fourth amendment claims in state court, it was precluded from considering them. The district court also properly noted that, because the state had provided a full and fair opportunity for Rush-Bey to litigate his fourth amendment claims, "the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." See Stone v. Powell, 428 U.S. 465, 481-82 (1976); Wallace v. Duckworth, 778 F.2d 1215, 1219 (7th Cir.1985). Because Rush-Bey's fourth amendment claims were not properly before the district court, an evidentiary hearing was unnecessary. The district court did not abuse its discretion.
 
 III.
 
 17
 For these reasons, the judgment of the district court denying Rush-Bey's petition for a writ of habeas corpus is
 
 
 18
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 **
 Pursuant to Fed.R.App.P. 43(c)(1), Roland W. Burris has been substituted for Neil F. Hartigan