THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KENNETH TARBILL, Defendant-Appellant.

Third District   No. 3—85—0549

Opinion filed April 30, 1986.

Robert Agostinelli and Pamela A. Peters, both of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Spencer, State's Attorney, of Morrison (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

Following a bench trial on the charge of driving with a revoked license (Ill. Rev. Stat. 1985, ch. 95½, par. 6—303), the court sentenced Kenneth Tarbill to one year's probation provided he serve 90 days in the county jail, complete an alcohol evaluation, and pay a $300 fine plus court costs. The defendant's sole contention on appeal is that the court clerk improperly included as court costs a $25 assessment under the Violent Crime Victims Assistance Act (the Act) (Ill. Rev. Stat. 1985, ch. 70, par. 501 *et seq.*). The defendant argues that an assessment under the Act is a fine which may be imposed only by a judge. Alternatively, he argues that, under the Act, the fine for his offense is $3. The State agrees with the defendant's first argument. It joins the defendant in asking this court to vacate the $25 assessment.

Section 10(b) of the Act specifically provides for imposition of a fine as a judicial act. (Ill. Rev. Stat. 1985, ch. 70, par. 510(b); *People v. James* (1985), 133 Ill. App. 3d 623, 479 N.E.2d 344; *People v. Stuckey* (1981), 93 Ill. App. 3d 260, 417 N.E.2d 203.) The clerk of a circuit court is a nonjudicial member of the court. (*Drury v. County of McLean* (1982), 89 Ill. 2d 417, 433 N.E.2d 666.) He or she is purely a ministerial officer. (*Book v. Ewbank* (1941), 311 Ill. App. 312, 35 N.E.2d 961.) As such, the clerk has no power to impose sentences or to levy even mandatory fines.

Accordingly, we agree with the parties that the $25 assessment under the Act included in the costs calculation was in fact a fine imposed by the court clerk without authority. Having reached this conclusion, we need not examine the defendant's alternative argument.

The fine of $25 imposed against the defendant pursuant to the Act is vacated. The judgment of the circuit court of Whiteside County is otherwise affirmed.

Judgment affirmed in part, vacated in part.

HEIPLE and BARRY, JJ., concur.