THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES A. BENNETT, Defendant-Appellant.

Fourth District   No. 4—85—0649

Opinion filed June 10, 1986.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

Donald D. Bernardi, State's Attorney, of Pontiac (Kenneth R. Boyle, Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE MORTHLAND delivered the opinion of the court:

On December 6, 1984, the defendant entered a negotiated plea of guilty to the offenses of battery and resisting a peace officer in cause No. 84CF143. The trial court admonished the defendant concerning the charges against him and the possible penalties, as well as the rights he would waive by pleading guilty. After the defendant indicated he understood these admonitions, the court accepted his guilty plea. The court sentenced the defendant to two concurrent one-year terms of conditional discharge. He also was sentenced to 14 days' incarceration, with credit for 14 days already spent in the county jail, and was ordered to pay a fine of $45 pursuant to the Violent Crime Victims Assistance Act (Victims Act) (Ill. Rev. Stat., 1984 Supp., ch. 70, par.

501—511). The defendant filed neither a motion to withdraw his plea nor a notice of appeal.

The defendant later pleaded guilty to burglary and theft under $300 in cause No. 84CF176 and was sentenced to three years in the Department of Corrections. The court entered judgment in this cause on February 21, 1985. The defendant's notice of appeal was not filed until September 18, 1985. Moreover, the defendant failed to file a motion to withdraw his plea in cause No. 84CF176. Counsel on appeal concedes that this court has no jurisdiction to consider the appeal in cause No. 84CF176. 103 Ill. 2d R. 604(d); *People v. Frey* (1977), 67 Ill. 2d 77, 364 N.E.2d 46.

Following the defendant's incarceration, the State filed a petition to modify his conditional discharge, seeking to extend the time in which he could pay his fine and costs. After a hearing on August 28, 1985, the circuit court extended the deadline for payment of this fine to December 5, 1985, when the defendant's term of conditional discharge was scheduled to end.

On September 16, 1985, the defendant filed a *pro se* notice of appeal which stated that the appeal was taken from the August 28, 1985, modification order. In addition, the defendant listed aggravated battery and resisting a peace officer as the offenses from which he appealed. Although both the date of the order appealed from and the stated offenses clearly relate to cause No. 84CF143, the notice of appeal states the cause number to be 84CF176. Since the body of the notice of appeal clearly refers to cause No. 84CF143, and all of the defendant's arguments pertain only to that cause, we will treat the incorrect numerical designation on the notice of appeal as a clerical error and proceed as if the defendant had stated the correct cause number.

On appeal, the defendant first argues that the trial court erred in failing to credit $5 for each day he was incarcerated prior to conviction against his fine. Second, the defendant contends that the trial court abused its discretion in failing to reduce or eliminate his fine pursuant to section 5—9—2 of the Unified Code of Corrections. Ill. Rev. Stat. 1983, ch. 38, par. 1005—9—2.

■ In claiming that his fine under the Victims Act should be reduced, pursuant to section 110—14 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 110—14), in an amount proportionate to the time he spent incarcerated prior to his conviction, the defendant is challenging the validity of his sentence. This argument does not challenge the court's ruling on the petition to modify his conditional discharge. Accordingly, his failure to withdraw the guilty plea and file a notice of appeal within 30 days of the original judgment

served to waive any error in his conviction and sentence. (103 Ill. 2d R. 604(d); *People v. Stueve* (1977), 66 Ill. 2d 174, 361 N.E.2d 579; *People v. Hall* (1977), 55 Ill. App. 3d 341, 371 N.E.2d 26, see also 103 Ill. 2d R. 606(b).) Insofar as this appeal attempts to challenge the propriety of the original sentence, this court has no jurisdiction to address the merits.

Notwithstanding the above conclusion, we believe the defendant's argument that the trial court abused its discretion in failing to reduce or eliminate his fine may properly be appealed pursuant to Supreme Court Rule 604(b). That provision allows a defendant to appeal from an order modifying or revoking a sentence of conditional discharge. 103 Ill. 2d R. 604(b).

On the merits, we believe the circuit court properly left the defendant's fine intact. The defendant contends that section 5—9—2 of the Unified Code of Corrections permitted the circuit court to revoke his fine at the modification hearing. Section 5—9—2 permits the court to revoke or modify a fine "upon good cause shown." Ill. Rev. Stat. 1983, ch. 38, par. 1005—9—2.

■ However, we conclude that section 5—9—2 refers to a penal fine imposed under the Unified Code of Corrections. The "fine" referred to in this provision clearly refers to the penalties authorized in section 5—9—1 (Ill. Rev. Stat. 1983, ch. 38, par. 1005—9—1). By contrast, a fine payable to the Violent Crime Victims Assistance Fund is clearly mandatory and "in addition to" a fine imposed under the Unified Code of Corrections. (Ill. Rev. Stat., 1984 Supp., ch. 70, par. 510(b).) Moreover, the Violent Crime Victims Assistance Act contains no suggestion that the guidelines of the Unified Code of Corrections may apply to a fine levied under the Victims Act. Finally, the Victims Act seeks to compensate victims of violent crime; this goal would be thwarted by applying section 5—9—2 to excuse fines such as that owed by the present defendant.

We do not believe that section 5—9—2 may be used to circumvent the mandatory nature of a fine under the Victim's Act. Accordingly, the trial court did not err in failing to reduce or revoke the defendant's fine.

For the foregoing reasons, the defendant's appeal in 84CF143 is dismissed insofar as it attacks the validity of his original sentence; the circuit court is affirmed as to its order modifying the defendant's payment schedule.

Dismissed in part, affirmed in part.

GREEN and SPITZ, JJ., concur.