THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT LEWIS SCOTT, Defendant-Appellant.

Fifth District   No. 5—86—0039

Opinion filed March 5, 1987.

Daniel M. Kirwan and Dan W. Evers, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John P. Coady, State's Attorney, of Taylorville (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, and Neil F. Flynn, of counsel), for the People.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

Defendant, Robert Lewis Scott, appeals from a judgment of conviction entered on a jury verdict in the circuit court of Christian County finding him guilty of the offense of unlawful possession of a

controlled substance in violation of section 402(b) of the Illinois Controlled Substance Act (Ill. Rev. Stat. 1985, ch. 56½, par. 1402(b)). He was sentenced to 2½ years of imprisonment. Defendant was also charged with obstruction of justice, but no verdict was returned.

On May 9, 1985, at approximately 1:30 a.m., emergency personnel were dispatched to the apartment shared by defendant and Shannon Morganson. Ms. Morganson was lying unconscious on a sofa bed with no pulse or respiration. When asked what had happened, defendant stated he thought Ms. Morganson had "mainlined" an overdose of cocaine. According to defendant, Ms. Morganson had gotten up to fix a drink. Defendant heard a noise in the kitchen and found her "flopping around" on the floor with a needle stuck in her arm. Defendant removed the needle and picked up a bag of white powder, which he believed to be cocaine, from the kitchen table and flushed them down the toilet. He then picked Ms. Morganson up, laid her on the bed, and called for emergency aid when she stopped breathing. Ms. Morganson died 31 hours later of a cocaine overdose. The autopsy revealed Ms. Morganson had been a drug user.

A search warrant for the apartment was obtained that same morning. Several bottles containing procaine and tetracaine (not controlled substances) were found in various locations throughout the apartment along with a knotted nylon stocking and a bag of hypodermic syringes. In the bottom right-hand drawer of one of the dressers in the bedroom, the officers discovered a metal box and an off-white powder lying in a pile on the bottom of the drawer. The powder consisted of 1.2 grams of cocaine and procaine mixed together. In the box was a bottle containing tetracaine, a knotted nylon stocking, a knotted shoestring, a small cut straw with a residue of cocaine inside, various papers, defendant's Florida driver's license, and a bank club card issued to defendant. Articles of both men's and women's clothing were also found in the drawer. Defendant denied any knowledge of illegal drugs being present in the apartment. He further stated the metal box was his but that Ms. Morganson stored bills in it and he did not know its location. He also testified the drawers on the right-hand side of the dresser in which the cocaine was found were used only by Ms. Morganson.

Defendant argues on appeal the State failed to prove beyond a reasonable doubt that he had knowledge of and was in possession of cocaine to find him guilty of the crime of unlawful possession of a controlled substance.

■■ ■ To support a conviction for the unlawful possession of a controlled substance, the State must prove beyond a reasonable doubt

that defendant had knowledge of the controlled substance and that it was in his immediate and exclusive control. (*E.g., People v. Burke* (1985), 136 Ill. App. 3d 593, 599, 483 N.E.2d 674, 679; *People v. Jones* (1982), 105 Ill. App. 3d 1143, 1148, 435 N.E.2d 823, 826.) Possession may be established by evidence of actual physical possession or constructive possession. (*E.g., People v. Jones* (1982), 105 Ill. App. 3d 1143, 1148, 435 N.E.2d 823, 826.) Actual possession is proved by testimony which shows defendant exercised some form of dominion over the unlawful substance, such as trying to conceal it or throwing it away. (*People v. Howard* (1975), 29 Ill. App. 3d 387, 389, 330 N.E.2d 262, 264.) Constructive possession exists without actual personal present dominion over the controlled substance but with an intent and capability to maintain control and dominion over it. (*People v. Valentin* (1985), 135 Ill. App. 3d 22, 31, 480 N.E.2d 1351, 1358.) As a result, narcotics being found on the premises under the control of defendant gives rise to an inference of knowledge and possession by him which alone may be sufficient to sustain a conviction for unlawful possession of controlled substances. (*People v. Nettles* (1961), 23 Ill. 2d 306, 308-09, 178 N.E.2d 361, 363, *cert. denied* (1962), 369 U.S. 853, 8 L. Ed. 2d 12, 82 S. Ct. 939; *People v. Jones* (1982), 105 Ill. App. 3d 1143, 1148, 435 N.E.2d 823, 826.) Mere access by other persons to the area where drugs are found is insufficient to defeat a charge of constructive possession. (*People v. Rush-Bey* (1987), 152 Ill. App. 3d 17, 23.) Moreover, exclusive possession does not mean that possession may not be joint. (*People v. Embry* (1960), 20 Ill. 2d 331, 335-36, 169 N.E.2d 767, 769; *People v. Burke* (1985), 136 Ill. App. 3d 593, 599, 483 N.E.2d 674, 679.) If two or more people share immediate and exclusive control or share the intention and power to exercise control, then each has possession. *People v. Valentin* (1985), 135 Ill. App. 3d 22, 32, 480 N.E.2d 1351, 1358.

■ Whether defendant had knowledge and possession are questions of fact to be resolved by the jury. Its findings will not be disturbed on review unless the evidence is so palpably contrary to the verdict or so unreasonable, improbable, or unsatisfactory as to create a reasonable doubt as to guilt. (*People v. Rush-Bey* (1987), 152 Ill. App. 3d 17, 22.) We see no reason to disturb the jury's findings in this instance.

It is undisputed that the apartment from which the cocaine was recovered on May 9, 1985, was under defendant's control. It is also undisputed that Ms. Morganson died of a cocaine overdose and that defendant flushed a needle retrieved from Ms. Morganson's arm and a bag containing white powder, which he believed to be cocaine, from

the kitchen down the toilet. What is disputed is defendant's knowledge and possession. Defendant denied knowledge of the presence of any illegal drugs or instruments used in administering narcotics in his apartment. The jury, however, is not required to believe defendant. See *People v. Burke* (1985), 136 Ill. App. 3d 593, 600, 483 N.E.2d 674, 679.

Defendant was aware Ms. Morganson was using drugs. He claims he argued with her over her use of illegal drugs a few weeks before she died. A friend of Ms. Morganson's testified, however, defendant told her he gave Ms. Morganson her first shoot of cocaine but thereafter it was her choice to continue using the drug. Needles used for administering drugs were found lying under a table next to the sofa bed where defendant slept. The box containing the straw with cocaine residue belonged to him. It also contained his driver's license and a bank card issued in his name. The drawer where the metal box and the pile of cocaine were found contained both men's and women's clothing. One of the police officers testified defendant took a pair of socks from that very same drawer. The fact that the drugs and related paraphernalia were located in places where he could or should have been aware of their presence and existence is further evidence of defendant's knowledge and control. See *People v. Burke* (1985), 136 Ill. App. 3d 593, 600, 483 N.E.2d 674, 680.

■■ ■ It is the function of the jury to determine the credibility of the witnesses and the weight to be afforded their testimony. As such, it may reject the explanations by which defendant attempts to place himself beyond knowledge and possession of the contraband. (*People v. Burke* (1985), 136 Ill. App. 3d 593, 600, 483 N.E.2d 674, 679.) The requirement that defendant's guilt be proved beyond a reasonable doubt does not mean inferences flowing from the evidence should be disregarded. (*People v. Nettles* (1961), 23 Ill. 2d 306, 309, 178 N.E.2d 361, 363, *cert. denied* (1962), 369 U.S. 853, 8 L. Ed. 2d 12, 82 S. Ct. 939.) Any discrepancies in the testimony of the officers and their reports were fully explored at trial. (See *People v. Bell* (1972), 53 Ill. 2d 122, 125-26, 290 N.E.2d 214, 216; *People v. Inman* (1976), 38 Ill. App. 3d 752, 756, 348 N.E.2d 510, 513.) These minor variations do not compel us to find the evidence so unsatisfactory as to raise a reasonable doubt of defendant's guilt. See *People v. Bell* (1972), 53 Ill. 2d 122, 126, 290 N.E.2d 214, 216.

■■ Defendant also contends on appeal that his Violent Crime Victims Compensation Fund fine of $20 must be vacated as improperly imposed by the circuit clerk. The State argues the fine is mandatory and was therefore properly deducted by the clerk from defendant's

bail bond.

We agree with the State that the fines established as part of the Violent Crime Victims Assistance Act (Ill. Rev. Stat. 1985, ch. 70, par. 510) are mandatory. (See *People v. Bennett* (1986), 144 Ill. App. 3d 184, 186, 494 N.E.2d 847, 848.) The imposition of any fine, however, is a judicial act. (*People v. Tarbill* (1986), 142 Ill. App. 3d 1060, 1061, 492 N.E.2d 942, 942.) The clerk of a court is a nonjudicial member of the court and, as such, has no power to impose sentences or levy fines, including mandatory ones. (*People v. Tarbill* (1986), 142 Ill. App. 3d 1060, 1061, 492 N.E.2d 942, 942.) The $20 fine was therefore improperly assessed. Because the fine is mandatory, we remand the cause for proper imposition of the fine by the trial court. (*Cf. People v. Tarbill* (1986), 142 Ill. App. 3d 1060, 1061, 492 N.E.2d 942, 942.) The judgment of the circuit court of Christian County is otherwise affirmed.

Affirmed and remanded with directions.

HARRISON and WELCH, JJ., concur.