THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
HORACE GALLAGHER, Defendant-Appellant.

Third District   Nos. 3—89—0174 through 3—89—0176 cons.

Opinion filed January 25, 1990.

Stephen Omolecki, of State Appellate Defender's Office, of Ottawa, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

A jury found the defendant, Horace Gallagher, guilty of unlawful possession of a controlled substance (Ill. Rev. Stat. 1987, ch. 56½,

par. 1402(b)). The trial court simultaneously conducted a probation revocation hearing, after which it revoked the defendant's sentences of probation imposed following prior convictions for unlawful delivery of a controlled substance (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(c)). He was subsequently sentenced to a one-year term of imprisonment for the unlawful possession conviction and concurrent terms of four years' imprisonment for the prior unlawful delivery convictions. The defendant appeals his conviction for unlawful possession and the revocation of his probation in the two prior cases. The cases have been consolidated on appeal.

The record reveals that on October 28, 1986, the defendant was charged with two counts of unlawful delivery of a controlled substance (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(c)). On that same day he was also charged in a separate case with three counts of unlawful delivery of a controlled substance. The defendant subsequently pled guilty to one count of unlawful delivery in the first case and two counts of unlawful delivery in the second. He was then sentenced to four-year terms of probation on each of the three convictions.

On August 12, 1988, the State charged the defendant with unlawful possession of a controlled substance (Ill. Rev. Stat. 1987, ch. 56½, par. 1402(b)). The State then filed a petition to revoke the defendant's probation in the prior cases, based upon the unlawful possession charge (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—4(a)).

At the defendant's jury trial, the State's uncontroverted evidence showed that on August 11, 1988, the Rock Island police department executed a search warrant at the defendant's home. The officers knocked on the front door, and after receiving no response, forced the door open and entered the house. Inside, they found a woman in the kitchen and another woman in a spare room. The defendant was in the adjoining bathroom. In a bedroom, the police found a nightstand with a safe on top of it. Lying on top of the safe was a broken mirror with a small amount of cocaine and heroin on it. Also found on the safe were a plastic scale and an aluminum foil package containing a small amount of cocaine and heroin.

Inside the safe, the officers found two hypodermic needles and a vehicle registration card with the defendant's name and address on it. Two additional hypodermic needles were found in a drawer of the nightstand. The woman in the spare room also had a needle. When the officers questioned the defendant at his house, he denied any knowledge of the drugs.

The defendant presented no witnesses, but did roll up his shirt sleeves and pants to show the jury that he had no "tracks" or needle

marks on his body. The jury subsequently found the defendant guilty. The trial court found that the defendant had violated his probation.

At his sentencing hearing, the defendant testified that he did not know anything about the drugs. He explained that his girlfriend, who was one of the women in the house, was a drug user.

On appeal, the defendant argues that the State failed to prove that he possessed the drugs, since there were two other people in the house at the time the drugs were found and the evidence showed that one of them was a drug user.

■■■ To obtain a conviction for the unlawful possession of a controlled substance, the State must prove that the defendant had knowledge of the drug and that it was in his immediate and exclusive control. (*People v. Nettles* (1961), 23 Ill. 2d 306, 178 N.E.2d 361.) Possession may be established by evidence of actual physical possession or constructive possession. (*People v. Scott* (1987), 152 Ill. App. 3d 868, 505 N.E.2d 42.) Constructive possession exists where there is no actual personal present dominion over the narcotics, but there is an intent and a capability to maintain control and dominion over them. (*People v. Morrison* (1988), 178 Ill. App. 3d 76, 532 N.E.2d 1077.) Constructive possession may be proved by showing that the defendant controlled the premises where the narcotics were found. (*Morrison*, 178 Ill. App. 3d at 90, 532 N.E.2d at 1086-87.) Whether the defendant had knowledge and possession are questions of fact to be resolved by the jury. Its findings will not be disturbed on review unless the evidence is so palpably contrary to the verdict or so unreasonable, improbable, or unsatisfactory as to create a reasonable doubt about the defendant's guilt. *Scott*, 152 Ill. App. 3d at 871, 505 N.E.2d at 45.

■■ ■ In the instant case, the defendant's vehicle registration, which was found inside the safe, listed his address as the house in which the drugs were found. Further, the safe was in the defendant's bedroom. While we note that the defendant was in another room when the drugs were found and there were two other people in the house at the time, this alone does not create a reasonable doubt as to the defendant's knowledge of the controlled substances and his control over the premises. Mere access by others to the area where drugs are found is insufficient to defeat a charge of constructive possession. (*People v. David* (1986), 141 Ill. App. 3d 243, 489 N.E.2d 1124.) Rather, these facts, along with the fact that one of the women was a drug user, created an issue for the jury to resolve.

Based upon the evidence, we find that the jury could reasonably conclude that the defendant had knowledge of the drugs and that they

were within his immediate control. Similarly, the trial court could reasonably conclude that the defendant violated his sentences of probation. ·

The judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

HEIPLE, P.J., and SCOTT, J., concur.