THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
SHAWN MASON, Defendant-Appellant.

Third District   No. 3—90—0226

Opinion filed May 9, 1991.

BARRY, J., dissenting.

Dan W. Evers, of State Appellate Defender's Office, of Mount Vernon, for appellant.

Edward Burmila, Jr., State's Attorney, of Joliet (Terry A. Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GORMAN delivered the opinion of the court:

The trial court convicted the defendant, Shawn Mason, of unlawful possession of a controlled substance with the intent to deliver (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(a)(2)), and sentenced him to six years' imprisonment. The defendant appeals. We reverse.

On March 27, 1990, Will County sheriff's deputies Theresa Laurino and John Grabinski were dispatched to investigate a disturbance at the Shakes N' Stuff restaurant in Joliet. Deputy Laurino testified that when they arrived at the scene, Mrs. Helen Gholston informed her that she had seen three men in possession of her rental car without her permission.

Mrs. Gholston told the officer that while waiting at the restaurant for a friend, she saw the car she had rented a few days earlier enter the parking lot with three strangers inside. She explained that she had given her husband permission to use the car that day and that the last time she had seen the car it was parked outside her home. Although Mrs. Gholston acknowledged that her husband might have given the men permission to use the car, she believed it had been stolen.

Deputy Grabinski testified that the three men in the car were the defendant, who had been driving the car, Adrian Johnson, and

Charles Collins. The defendant told Grabinski that he had borrowed the car from a man he knew as "Ghost," but could not give "Ghost's" first or last name. At that point, the deputies attempted to contact Mr. Gholston to determine if he had given the defendant permission to use the car, but were unable to do so because his line was busy. They continued trying to contact him for about 10 to 15 minutes after that.

Grabinski testified that when the three men got out of the car, Johnson was carrying a leather coat over his arm. Deputy Grabinski observed Johnson milling around the parking lot with the jacket and then saw him drop it behind the vehicle. When he asked Johnson if he was going to pick up the jacket, Johnson replied that it did not belong to him. Grabinski stated that based upon the information from Mrs. Gholston and the fact that the defendant could not provide any concrete information regarding the name of the man who had lent him the car, the three men were arrested for unlawful possession of a stolen vehicle and subsequently searched.

The defendant was subsequently searched and three telephone beepers were found on his person. Collins had $2,596 in currency and a cellular telephone. Inside the jacket dropped by Johnson, Grabinski found a plastic bag containing several individually wrapped bags of white powder and a crystalline substance later found to be cocaine. A bag containing a leafy, green, plant-like material was also found. Shortly after the search, Mr. Gholston was contacted, and he confirmed that he had given the defendant permission to use the car. The men were subsequently charged with unlawful possession of a controlled substance with the intent to deliver.

Sergeant Martin Shifflet, testifying as an expert in narcotics trafficking, stated that beepers are commonly used by drug traffickers. He noted that a drug trafficker will usually have about $2,500 in cash on his person from drugs he has just sold or to make change if necessary for future purchases. Moreover, Shifflet stated that dealers commonly package the drugs in the tip of a plastic baggie in quantities ranging from a quarter of a gram to a gram.

Collins, who had previously pled guilty to the offense, testified that earlier that day the defendant and Johnson had picked him up to take him to the repair shop to get his car. He noted that the repairs totaled $2,700 and that before leaving the house he had "grabbed" the money he had there, which was about $2,500. Collins further testified that he had also taken his telephone beepers, a jacket, and a cellular telephone with him. He explained that when they were confronted by the police in the parking lot, the defendant told him to get

everything out of the car. Johnson took the jacket and the defendant took the beepers. Collins testified that the defendant had no knowledge of the drugs.

The court found the defendant guilty and sentenced him to six years' imprisonment. The defendant now appeals, raising two issues for our consideration. Initially, the defendant contends that the trial court erred in denying his motion to suppress evidence from an illegal search.

Prior to trial, the defendant moved to quash his arrest and suppress certain evidence on the ground that there was no probable cause for his arrest and the subsequent search. The trial court found that the officers had probable cause to make the arrest and denied the motion.

■■ An officer has probable cause to arrest where he has knowledge of facts that would lead a reasonable man to conclude that a crime has occurred and that it has been committed by the arrestee. (*People v. Eddmonds* (1984), 101 Ill. 2d 44, 461 N.E.2d 347.) If a lawful arrest has been made, the officer may search the arrestee and the area within his immediate presence in order to protect himself and discover any fruits of the crime. (Ill. Rev. Stat. 1989, ch. 38, par. 108—1.) The trial court's findings on a motion to suppress will not be reversed unless they were manifestly erroneous. *People v. Conner* (1979), 78 Ill. 2d 525, 401 N.E.2d 513.

■■ The record shows that a private citizen informed the officers that a car she had rented was in the possession of three men she did not know. She further stated that she had not given them authority to use the car and that her husband did not have the authority to loan the car to anyone. A license check of the car revealed that it was owned by a rental agency. Additionally, the men acted nervous, the defendant could not give the full name of the man who had loaned them the car, and one of the passengers attempted to dispose of his jacket. Based on the foregoing facts, we find that the trial court's determination that probable cause existed for the arrest was not manifestly erroneous. We therefore affirm the denial of the motion to quash arrest and suppress evidence.

The defendant next contends that he was not proven guilty beyond a reasonable doubt of unlawful possession with the intent to deliver.

■■■ When examining the sufficiency of the evidence, a reviewing court will not retry the defendant. Rather, the relevant question is whether after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential ele-

ments of the crime beyond a reasonable doubt. (*People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.) To support a charge of unlawful possession of a controlled substance, the State must prove not only that the defendant had knowledge of the presence of the controlled substance, but also that the controlled substance was in the immediate and exclusive control of the accused. *People v. Galloway* (1963), 28 Ill. 2d 355, 192 N.E.2d 370.

■ Knowledge of the accused may be shown by evidence of his acts, declarations, or conduct from which the inference may be fairly drawn that he knew of the existence of the controlled substance at the place where it was found. (*People v. Ortiz* (1980), 91 Ill. App. 3d 466, 414 N.E.2d 1072.) Possession may be either physical or constructive. Constructive possession exists where there is an intent and a capability to maintain control and dominion over the narcotics and may be proved by showing that the defendant controlled the premises where the narcotics were found. *People v. Morrison* (1988), 178 Ill. App. 3d 76, 532 N.E.2d 1077.

■ In the instant case, the evidence showed that the drugs were found in a jacket taken out of the car by Johnson and later dropped by him. Collins pled guilty, acknowledged the jacket, phone, beeper, and drugs were his and that the defendant had no knowledge of any drugs. There was no evidence presented to show that the jacket belonged to the defendant or that he had possession of the jacket, let alone the drugs, at any time. The only things found in the defendant's possession were three beepers, possession of which is not unlawful. Based upon the evidence presented, we conclude that the State failed to show that the defendant had exclusive and immediate control of the drugs at any time. Accordingly, the State did not prove him guilty beyond a reasonable doubt of unlawful possession of a controlled substance with the intent to deliver.

The judgment of the circuit court of Will County is reversed.

Reversed.

STOUDER, P.J., concurs.

JUSTICE BARRY, dissenting:

In my view the evidence was sufficient to support defendant's conviction for unlawful possession of a controlled substance with the intent to deliver, and on that basis, I dissent.

This is a case where actual physical possession cannot be demonstrated and, therefore, where constructive possession must be estab-

lished in order to convict defendant of the crime charged. Constructive possession has been held to exist where there is an intent and capability to maintain control and dominion over the narcotics in question, and such constructive possession may be proved by showing that defendant controlled the premises where the narcotics were found. (*People v. Morrison* (1988), 178 Ill. App. 3d 76, 532 N.E.2d 1077.) Constructive possession may be established where the defendant is the driver of a vehicle in which drugs were found, even if there is a passenger in the vehicle, if defendant has knowledge and control over what happens in the interior of the vehicle. (*People v. McNeely* (1981), 99 Ill. App. 3d 1021, 426 N.E.2d 296.) Whether there is possession and knowledge are questions of fact to be determined by the trial judge, and as is true of all factual determinations, his findings will not be disturbed on review unless the evidence is so palpably contrary to the findings or so unreasonable, improbable or unsatisfactory as to create a reasonable doubt of guilt. *People v. Gallagher* (1990), 193 Ill. App. 3d 566, 550 N.E.2d 255.

My colleagues have, in my opinion, substituted their judgment for that of the trial judge and in doing so, have rejected certain relevant evidence which must be considered. It is not for the reviewing court to decide the credibility of the witnesses, but rather to view the evidence in the light most favorable to the prosecution. *People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.

Here the trial judge heard one of the men arrested with defendant, Charles Collins, testify that he was a drug dealer, that the jacket, pagers, telephone, and drugs were his and that defendant had no knowledge of the presence of cocaine in the jacket. Defendant did, however, have knowledge of the pagers which he himself removed from the car, and the jacket, telephone and money which Collins displayed. One of the arresting officers testified that Adrian Johnson, the third codefendant, told him that the jacket was not his and that the jacket was already in the car before the three men entered the car. It was not disputed that defendant instructed Johnson and Collins to remove their property from the car and that Johnson took the jacket with him and then discarded it on the ground.

The trial judge could have reasonably decided not to believe Collins' statement that the jacket and cocaine were his and that defendant did not know what was in the jacket. Defendant could reasonably be found to have known what the jacket contained.

The totality of the circumstances here could properly be found to establish beyond a reasonable doubt that the defendant was engaged in a common scheme with Collins and Johnson to sell the cocaine

which defendant had transported within the car he had been driving, and that the three men planned to utilize the pagers he was carrying together with the cellular phone and money carried by Collins for the transaction of drug sales. (According to the evidence, drug dealers often carry cash in order to make change.) Lastly, defendant was plainly in charge of the automobile he was driving, and, therefore, the trial court correctly concluded that defendant was in control of the premises where the cocaine had been located just prior to the discovery of it.

I would affirm defendant's conviction.