# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Alghadi*, 2011 IL App (4th) 100012

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KHALED W. ALGHADI, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-10-0012 |
| Filed | October 17, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's convictions for robbery and residential burglary were affirmed, but the circuit clerk's assessment of fines and fees on the residential burglary conviction was vacated, the cause was remanded for a hearing to determine which fees and fines were in relation to the residential burglary conviction, and the trial court was directed to consider applying the credit arising from defendant's presentence incarceration when it reimposes the fines and fees. |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 08-CF-729; the Hon. Thomas J. Difanis, Judge, presiding. |
| Judgment | Affirmed in part; vacated in part; appeal dismissed in part; and cause remanded with directions. |

| Counsel on Appeal | Michael J. Pelletier, Karen Munoz, and Nancy L. Vincent, all of State Appellate Defender's Office, of Springfield, for appellant. |
|---|---|
| | Julia Rietz, State's Attorney, of Urbana (Patrick Delfino, Robert J. Biderman, and Anastacia R. Brooks, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | PRESIDING JUSTICE KNECHT delivered the judgment of the court, with opinion. |
| | Justices Turner and Appleton concurred in the judgment and opinion. |

## OPINION

¶ 1    In March 2009, a jury found defendant, Khaled W. Alghadi, guilty of robbery (720 ILCS 5/18-1(a) (West 2006)). In April 2009, the trial court sentenced him to 7 years' imprisonment with credit for 313 days previously served. Defendant appealed, and this court ultimately dismissed his appeal for lack of jurisdiction because his notice of appeal was untimely. *People v. Alghadi*, No. 4-09-0424 (Dec. 6, 2010) (unpublished order under Supreme Court Rule 23).

¶ 2    In September 2009, defendant pleaded guilty to residential burglary (720 ILCS 5/19-3 (West 2006)), pursuant to an open plea. In October 2009, the trial court sentenced him to 15 years' imprisonment to run concurrent with the robbery sentence and gave him credit for 457 days previously served. At the sentencing hearing, the court failed to specifically identify any assessed fees and fines.

¶ 3    Thereafter, defendant was assessed two $20 Violent Crime Victims Assistance Act (VCVA) fines and two $5 drug-court fees. In February 2010, the circuit clerk sent defendant two notices for collection of his unpaid costs and fines in the amounts of $1,868.75 and $432.06. Because nothing had been paid, the circuit clerk assessed two late fees of $187.50 and $43.35 and two collection fees of $431.25 and $99.71.

¶ 4    Defendant appeals the judgment on his residential-burglary conviction, arguing the following: (1) the circuit clerk lacked authority to assess the two $20 VCVA fines and the two $5 drug-court fees; (2) if the assessments were properly imposed, then defendant is entitled to a $5-per-day credit against his fines under section 110-14(a) of the Code of Criminal Procedure of 1963 (Criminal Procedure Code) (725 ILCS 5/110-14(a) (West 2008)); and (3) the circuit clerk lacked authority to assess the late and collection fees.

¶ 5                                     I. BACKGROUND

¶ 6        On April 16, 2008, the State charged defendant in a two-count information with (1) residential burglary (720 ILCS 5/19-3 (West 2006)), a Class 1 felony (720 ILCS 5/19-3(b) (West 2006)); and (2) robbery (720 ILCS 5/18-1(a) (West 2006)), a Class 2 felony (720 ILCS 5/18-1(b) (West 2006)). In January 2009, the trial court granted defendant's motion to sever the counts of the indictment. Although the counts were severed, the circuit clerk retained the same trial number of No. 08-CF-729 for both charges.

¶ 7        In March 2009, the case proceeded to a jury trial on the robbery count, and the jury found defendant guilty. In April 2009, the trial court sentenced him to 7 years' imprisonment with credit for 313 days previously served. Defendant appealed, and this court ultimately dismissed his appeal for lack of jurisdiction because his notice of appeal was untimely. *People v. Alghadi*, No. 4-09-0424 (Dec. 6, 2010) (unpublished order under Supreme Court Rule 23).

¶ 8        In September 2009, defendant pleaded guilty to the residential-burglary charge (720 ILCS 5/19-3 (West 2006)), pursuant to an open plea. The trial court heard the factual basis, admonished defendant, and accepted the guilty plea. On October 22, 2009, the court sentenced defendant to 15 years' imprisonment to run concurrent with the robbery sentence and gave him credit for 457 days previously served.

¶ 9        At the sentencing hearing, the trial court failed to specifically identify any assessed fees and fines. A docket entry made the same date shows defendant was assessed a charge of $1,250 for costs and would be assessed "[f]ines and/or [c]ost/[p]enalties and [f]ees" as part of his sentence for the residential-burglary conviction. However, this docket entry does not mention any VCVA fine or drug-court fee. Further, the docket entry provides "[a]ll financial obligations shall be paid in equal monthly installments to the Champaign County Circuit Clerk by." (It appears the due date was inadvertently left out of the docket entry.) Thereafter, defendant was assessed two $20 VCVA fines and two $5 drug-court fees.

¶ 10       On November 10, 2009, defendant filed a motion to withdraw his plea, or alternatively, to reconsider the sentence, arguing his counsel was ineffective for giving him the following mistaken information: (1) if he entered a guilty plea, the trial court would sentence him to 10 years' imprisonment; and (2) if he proceeded to trial and was convicted, he could be sentenced up to a 30-year extended-term sentence. Further, defendant argued his 15-year sentence was excessive. On December 22, 2009, the court denied defendant's motions.

¶ 11       On January 5, 2010, defendant filed a notice of appeal for his residential-burglary conviction. In February 2010, the circuit clerk sent defendant two notices for collection of his unpaid costs and fines in the amounts of $1,868.75 and $432.06. Because nothing had been paid, the circuit clerk assessed two late fees of $187.50 and $43.35 and two collection fees of $431.25 and $99.71.


¶ 12                                       II. ANALYSIS

¶ 13       On appeal, defendant argues the following: (1) the circuit clerk lacked authority to assess two $20 VCVA fines and the two $5 drug-court fees; (2) if the assessments were properly imposed, then defendant is entitled to a $5-per-day credit against his fines under section 110-

14(a) of the Criminal Procedure Code (725 ILCS 5/110-14(a) (West 2008)); and (3) the circuit clerk lacked authority to assess the late and collection fees.

¶ 14 First, defendant argues the trial court did not order defendant to pay the two $20 VCVA fines and the two $5 drug-court fees. Consequently, defendant argues these fines should be vacated because the circuit clerk lacks authority to impose mandatory fines. Alternatively, defendant argues he should be entitled to a $5-per-day credit against these fines.

¶ 15 The State concedes the trial court never judicially imposed the VCVA fines and the drug-court fees. However, the State argues this court should reimpose a mandatory $20 VCVA fine pursuant to section 10(c)(2) of the Violent Crime Victims Assistance Act (Act) (725 ILCS 240/10(c)(2) (West 2008)) because "defendant insists *** the trial court imposed no fines." Additionally, the State argues defendant would not be entitled to $5-per-day credit if the VCVA assessment is reimposed by this court. Further, the State argues this court lacks jurisdiction to vacate any fines and fees the trial court imposed in connection with defendant's robbery conviction because defendant's January 2010 notice of appeal only refers to the residential-burglary conviction.

¶ 16 In his reply brief, defendant agreed this court has the ability to reimpose mandatory fines. If reimposed, defendant requests any imposed fines be offset by his sentence credit. However, defendant notes the State assumed the fines were assessed per count, but the "counts [were] not delineated in the clerk's records of monetary charges."

¶ 17 Section 10(b) of the Act (725 IlCS 240/10(b) (West 2008)) grants the trial court the authority to collect "an additional penalty *** from each defendant upon conviction of any felony" in the amount of $4 for each $40, or fraction thereof, of fines imposed. Further, section 10(c)(2) of the Act (725 ILCS 240/10(c)(2) (West 2008)) allows the court to assess a defendant a fine of "$20, for any other felony or misdemeanor" when no other fine is imposed. See *People v. Long*, 398 Ill. App. 3d 1028, 1031-32, 924 N.E.2d 511, 514 (2010) (VCVA assessment is a fine).

¶ 18 Further, section 5-1101 of the Counties Code (55 ILCS 5/5-1101(d-5) (West 2008)) grants counties the authority to enact by ordinance a "$10 fee to be paid by the defendant on a judgment of guilty *** to be placed in the county general fund and used to finance the county mental health court, the county drug court, or both." The drug-court fee is considered a fine because it is not intended to reimburse the State for costs incurred in prosecuting the defendant. *People v. Childs*, 407 Ill. App. 3d 1123, 1133, 948 N.E.2d 105, 113 (2011).

¶ 19 In this case, the record reveals defendant was assessed duplicate fees and fines for the following: (1) a $5 document-storage fee; (2) a $5 automation fee; (3) a $100 circuit-clerk fee; (4) a $25 court-security fee; (5) a $10 arrestee's medical assessment; (6) a $50 court-finance fee; (7) a $30 State's Attorney assessment; (8) a $20 VCVA fine; and (9) a $5 drug-court fee. Presumably, defendant was twice assessed these fees and fines because his robbery charge and his residential-burglary charge were severed. However, the original case number was retained (Champaign county case No. 08-CF-729) for both cases, and the circuit clerk's "fees & fines information" (see appendix) does not clearly set forth what assessments were made in the residential-burglary conviction and what assessments were made in the robbery conviction. From a review of the record, it appears the first "set" of assessments relates to

the robbery conviction because the robbery sentence was imposed first and the late and collection fees imposed appear to be greater.

¶ 20    Also, the record shows the trial court did not impose the two $20 VCVA fines and the two $5 drug-court fees, and the fees later appeared on the circuit clerk's "fines & fees information." The imposition of a fine is a judicial act, and the circuit clerk has no authority to levy fines, including mandatory fines. *People v. Scott*, 152 Ill. App. 3d 868, 873, 505 N.E.2d 42, 46 (1987). Therefore, any fines imposed by the circuit clerk's office are void from their inception. See *Scott*, 152 Ill. App. 3d at 873, 505 N.E.2d at 46 (cause remanded for *proper* imposition of the VCVA fine by the trial court).

¶ 21    Assuming the circuit clerk imposed the $20 VCVA fine and the $5 drug-court fee as part of defendant's residential-burglary conviction, we vacate those fines. Although the fines in this case were improperly assessed by the circuit clerk, this court has authority to reimpose mandatory fines. See *Scott*, 152 Ill. App. 3d at 873, 505 N.E.2d at 46 (fines established by the VCVA are mandatory); see also *People v. Folks*, 406 Ill. App. 3d 300, 305, 943 N.E.2d 1128, 1132 (2010) ("Although the statutory language relating to the drug-court assessment is permissive, the assessment is mandatory once the county board enacts the ordinance.").

¶ 22    However, we will not reimpose these fines because the record reveals defendant was already assessed a $20 VCVA fine and a $5 drug-court fee. Although a defendant may be charged with multiple counts within the same case number, the defendant may only be assessed (1) *one* document-storage fee, (2) *one* automation fee, (3) *one* circuit-clerk fee, (4) *one* court-security fee, (5) *one* arrestee's-medical assessment, (6) *one* court-finance fee, (7) *one* State's Attorney assessment, (8) *one* VCVA fine, and (9) *one* drug-court fee. The severance of the residential-burglary charge and the robbery charge within the same case number is of no moment. Accordingly, although this issue was not raised by the parties, we vacate all duplicate fees and fines imposed in relation to the residential-burglary conviction.

¶ 23    Additionally, we are not vacating the collection and late fees assessed in relation to the residential-burglary conviction because these fees are not properly before us on direct appeal. See *People v. Jake*, 2011 IL App (4th) 090779, ¶ 24, 2011 WL 3587470 (this court lacked jurisdiction to consider the defendant's late-and-collection-fee argument because the fees were assessed after the defendant filed his notice of appeal).

¶ 24    Here, defendant filed his notice of appeal for the residential-burglary conviction on January 5, 2010. From a review of the record, it appears defendant was assessed late and collection fees for unpaid costs and fines in February 2010. Therefore, we do not have jurisdiction to consider the merits of defendant's argument in this case (defendant argued the circuit clerk lacked authority to assess the late and collection fees) and, accordingly, we dismiss this portion of defendant's appeal. Further, we note defendant asks us to vacate all late and collection fees imposed by the circuit clerk. However, we have only addressed the late and collection fees imposed in the residential-burglary case because it is the only conviction subject to this appeal.

¶ 25                                III. CONCLUSION

¶ 26    For the reasons stated, we affirm defendant's conviction and sentence. We (1) vacate the

circuit clerk's assessment of fines and fees imposed in the residential-burglary conviction, and (2) remand for a hearing at which the trial court and the parties can determine which fees and fines listed in the circuit clerk's "fees & fines information" are in relation to the residential-burglary conviction and vacated by our order. We also direct the trial court to consider the application of presentence credit at the time it reimposes fines and fees. Further, we dismiss those parts of the appeal for which we lack jurisdiction.

¶ 27  Affirmed in part; vacated in part; appeal dismissed in part; and cause remanded with directions.