NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 170790-U

NO. 4-17-0790

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Coles County |
| KYLE C. PRINCE, | ) | No. 17CF2 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Brien J. O'Brien, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices DeArmond and Turner concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Appellate counsel's motion to withdraw is granted, and the trial court's judgment
is affirmed.

¶ 2         Defendant, Kyle C. Prince, pleaded guilty to unlawful possession of a stolen motor

vehicle (625 ILCS 5/4-103(a)(1) (West 2016)) and, pursuant to a fully negotiated plea agreement

with the State, he was sentenced to three-and-a-half years' imprisonment and ordered to pay a

$500 fine, a $100 victim's compensation and violence assessment (VCVA) fee, a $5 drug court

fee, a $30 court-appointed special advocate (CASA) fee, and fees associated with submitting a

deoxyribonucleic acid (DNA) sample. He appeals the trial court's denial of his motion to revoke

the fines pursuant to section 5-9-2 of the Unified Code of Corrections (Unified Code) (730 ILCS

5/5-9-2 (West 2016)).

¶ 3        On appeal, the Office of the State Appellate Defender (OSAD) was appointed to represent defendant. OSAD has filed a motion to withdraw as appellate counsel, citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and alleging there are no potentially meritorious issues for review. We grant OSAD's motion and affirm the trial court's judgment.

¶ 4                                    I. BACKGROUND

¶ 5        On January 4, 2017, the State charged defendant with one count of unlawful possession of a stolen motor vehicle. 625 ILCS 5/4-103(a)(1) (West 2016). Two days later, an incomplete and unsigned "Affidavit of Assets and Liabilities" was filed which stated defendant earned $0 per month.

¶ 6        On January 30, 2017, defendant pleaded guilty to unlawful possession of a stolen motor vehicle (*id.*) pursuant to a fully negotiated plea agreement with the State. During the plea hearing, the State described the pertinent terms of the plea agreement as follows:

> "[Defendant] would be sentenced to Illinois Department of Corrections for a period of three years and six months. *** He would pay a fine in the amount of $500 plus the court costs. *** He would pay a $100 VCVA fine, a $250 public defender fee, a $5.00 drug court fine, a $30 CASA fee, and he would submit a DNA sample and pay the associated fee, if he has not previously done so."

Defendant subsequently confirmed his agreement to the terms as outlined by the State. Specifically, the court asked whether defendant understood that, as part of the guilty plea, defendant would be "ordered to pay the various fines and costs as outlined by [the State]" to which defendant responded "Yes, Your Honor." The court then sentenced defendant to three-and-a-half years' imprisonment and imposed a fine of $500 plus court costs, a $100 VCVA fine, a $250 public

defender fee, a $5 drug court fee, a $30 CASA fee, and a DNA fee.

¶ 7        On September 29, 2017, defendant filed a "Motion for Revocation of Fine(s)" pursuant to section 5-9-2 of the Unified Code (730 ILCS 5/5-9-2 (West 2016)). Defendant requested the trial court vacate the "fines, court cost and the like." In support of his motion, defendant stated:

> "1. Defendant is currently a prisoner of the State of Illinois with a projected release date of September 22, 2018.
>
> 2. Defendant contends that, upon his release from the Illinois Department of Corrections he will be homeless and faced with sheer adversity.
>
> 3. For the above-stated and following reasons presented in the attached argument defendant prays this court vacate the fines entered against him in the instant matter."

In an attachment to his motion, defendant alleged he "was unable to pay the Court ordered fine of $500.00+." Defendant asserted he was incarcerated in the Centralia Correctional Center where he earned $10 per month for "hygiene and living expenses." He then stated that his "condition after release from custody of IDOC will be below the level necessary to pay the fine after release." Defendant alleged the following additional factors in support of his argument:

> "1. Defendant must find housing to parole to.
>
> 2. Defendant must find employment as an ex-offender of Illinois law.
>
> 3. Defendant must attend and meet the conditions imposed on him by the parole board.
>
> 4. Defendant must find a way to seek transportation to seek employment

- 3 -

and to arrive at job, if hired.

5. Defendant owns no property, has no bank account, no stocks or bonds, or any interests or investments whereby he can pay the fines or rely on upon release."

¶ 8    In addition to his motion, defendant filed an "Application for Waiver of Court Fees" in which he stated, in summary, that he received no money or other income from any source and owned no property of any value.

¶ 9    On October 6, 2017, the trial court granted defendant's application for waiver of court fees and denied defendant's section 5-9-2 petition. In a docket entry, the court stated, "With respect to the Motion for Revocation of Fines, the court finds that good cause does not exist to grant the relief sought by the Defendant. Accordingly, the Motion is denied."

¶ 10    This appeal followed. As stated, OSAD was appointed to represent defendant on appeal. In June 2019, it filed a motion to withdraw as appellate counsel and attached a memorandum of law in support, identifying a single issue that might arguably support an appeal but concluding the issue had no merit. Proof of service of the motion on defendant has been shown. Defendant has not filed a responsive pleading.

¶ 11                              II. ANALYSIS

¶ 12    On appeal, OSAD identifies a single potential issue for review; whether the trial court abused its discretion in denying defendant's section 5-9-2 petition. OSAD maintains that this issue lacks merit. We agree.

¶ 13    As an initial matter, we note that a section 5-9-2 petition is a "freestanding collateral action, 'allowing defendants to seek financial relief at any appropriate time.' " *People v. Grigorov*, 2017 IL App (1st) 143274, ¶ 5, 91 N.E.3d 390 (quoting *People v. Mingo*, 403 Ill. App. 3d 968,

972, 936 N.E.2d 1156, 1159 (2010)). Because this is an appeal from a collateral action, the scope of OSAD's representation of defendant—and our review of the record—is strictly limited to whether the trial court should have granted defendant's section 5-9-2 petition. See *id.* ¶¶ 6-8 (limiting defendant's appeal to only matters within the scope of his section 5-9-2 petition and matters that, pursuant to statute, could be asserted at any time).

¶ 14        Section 5-9-2 of the Unified Code permits a trial court to revoke or modify a penal fine imposed under the Unified Code. *People v. Bennett*, 144 Ill. App. 3d 184, 186, 494 N.E.2d 847, 848 (1986). The statute provides, in relevant part, "the court, upon good cause shown, may revoke the fine or the unpaid portion or may modify the method of payment." 730 ILCS 5/5-9-2 (West 2016). "[T]o warrant revocation of a defendant's fines, defendant must establish good cause, which is an inability to pay or a hardship that prevents him from paying the fines imposed by the court." (Internal quotation marks omitted.) *People v. Barajas*, 2018 IL App (3d) 160433, ¶ 10, 115 N.E.3d 459. The "good cause shown" requirement "suggests that the legislature intended section 5-9-2 to provide a defendant relief from fines when factors, external to the original proceedings, would warrant the revocation of the fines to ease a defendant's financial burden." *Mingo*, 403 Ill. App. 3d at 972.

¶ 15        Because section 5-9-2 provides that the trial court "*may* revoke the fine" (emphasis added) (730 ILCS 5/5-9-2 (West 2016)), we determine whether the court abused its discretion in denying defendant's petition. *People v. Perruquet*, 68 Ill. 2d 149, 153, 368 N.E.2d 882, 883 (1977). "An abuse of discretion will be found only where the court's ruling is arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the trial court." (Internal quotation marks omitted.) *People v. Baez*, 241 Ill. 2d 44, 106, 946 N.E.2d 359, 395-96

(2011).

¶ 16        In support of his motion for revocation of fines, defendant alleged he was incarcerated, owned no property, and only earned $10 per month through the Illinois Department of Corrections. He further alleged that, upon release from incarceration, he would be homeless, would have difficulty finding work given his criminal record, would have to satisfy the conditions imposed by the parole board, would have to find transportation to his job, and, in general, would be "faced with sheer adversity" because his conditions would be "below the level necessary to pay the fine after release."

¶ 17        We find the trial court did not abuse its discretion in denying defendant's motion. Although defendant was a Department of Corrections inmate with no property and only a nominal income, these facts do not necessitate a revocation or reduction of fines as none of them were external to the original proceedings. In his "Affidavit of Assets and Liabilities" filed with the court on January 6, 2017, defendant's earnings and sources of income were listed as "$0." Therefore, both defendant and the court knew of defendant's financial circumstances which defendant alleged in support of his motion. It cannot be said that these circumstances, nor the circumstances resulting from defendant's incarceration, were external to the original proceedings because both defendant and the court knew of them at the time the plea agreement was entered into and the sentence imposed, and defendant knew or should have known that he could suffer future financial difficulties as a result of his incarceration. Further, the fines and fees imposed were part of defendant's plea deal with the State, which he understood and voluntarily entered into, even though he knew that he had no income and no valuable property with which to pay. Where, as here, the factors and circumstances cited by defendant in support of his section 5-9-2 petition were known

to defendant and to the court at the time of sentencing or were the direct result of that sentence, the factors and circumstances are not "external" to the proceedings. *Mingo*, 403 Ill. App. 3d at 972.

¶ 18 Even if defendant established good cause to revoke or reduce the fines and fees, the VCVA fee, the drug-court fee, the CASA fee, and the public defender fee are not subject to modification under section 5-9-2 because they were not "penal fines" imposed under the Unified Code. See *Bennett*, 144 Ill. App. 3d at 186. The $100 VCVA fee was imposed under the Violent Crime Victims Assistance Act (725 ILCS 240/1 *et seq.* (West 2016)) and, therefore, is not subject to reduction by section 5-9-2. *Bennett*, 144 Ill. App. 3d at 186. Similarly, the $5 drug-court fee, the $30 CASA fee, and the $250 public defender fee were not imposed pursuant to the Unified Code. The drug-court fee was imposed under section 5-1101(f) of the Counties Code (55 ILCS 5/5-1101(f) (West 2016)), the CASA fee was imposed under section 5-1101(f-10) of the Counties Code (55 ILCS 5/5-1101(f-10) (West 2016)), and the public defender fee was imposed under section 113-3.1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/113-3.1 (West 2016)).

¶ 19 III. CONCLUSION

¶ 20 For the reasons stated, we grant OSAD's motion to withdraw and affirm the trial court's judgment.

¶ 21 Affirmed.