(No. 60827.—

# THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. FRANK GUTIERREZ, Appellee.

*Opinion filed September 20, 1985.—Rehearing denied December 2, 1985.*

Neil F. Hartigan, Attorney General, of Springfield, and Richard M. Daley, State's Attorney, of Chicago (Mark L. Rotert, Assistant Attorney General, of Chicago, and Michael E. Shabat, Joan S. Cherry and Inge Fryklund, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (Jeffrey M. Howard, Assistant Public Defender, of counsel), for appellee.

JUSTICE WARD delivered the opinion of the court:

The circuit court of Cook County denied the motion of the defendant, Frank Gutierrez, to quash his arrest and to suppress as evidence a quantity of heroin taken from him during the execution of a warrant authorizing the search of his residence and the search of an "unknown female Latin" residing there. At a bench trial which followed, the defendant was found guilty and sentenced to 30 months' probation. The appellate court, in a Rule 23 order (87 Ill. 2d R. 23), reversed both the ruling on the motion to suppress and the conviction. (127 Ill. App. 3d 1160.) We granted the State's petition for leave

to appeal under our Rule 315 (94 Ill. 2d R. 315).

On October 30, 1982, a plainclothes Chicago police officer, Danny Sanchez, purchased cocaine from a woman at 1839 W. Cullerton Street in Chicago. A search warrant based on his affidavit was obtained, and that night between 11 p.m. and midnight Sanchez and three officers appeared at the Cullerton Street address with the warrant that authorized a search for controlled substances of both the premises and of an "unknown female Latin" residing there. Officer Sanchez knocked, and when the defendant opened the door he inquired about buying cocaine from the defendant. The defendant said that he did not know what the officer was talking about, and attempted to close the door. At that, the four officers entered the house. The woman who had sold cocaine to Officer Sanchez was searched. Cocaine was found on her person, and she was placed under arrest. There was a 14-year-old boy present, the woman's son, who appeared to live on the premises with his mother and the defendant. Officer Michael Kerrigan, who had searched the woman, observed that the defendant was agitated and walking about nervously. Kerrigan saw that there were bulges in pockets of his pants and asked the defendant to empty his pockets. The defendant complied, taking out two balloons that contained heroin. (The woman, Theresa Ramos, was found guilty of possession of less than 30 grams of cocaine and sentenced to probation.)

At the hearing on the motion to quash the arrest and suppress the evidence, the defendant admitted that he lived at the house searched and stated that the woman described in the warrant was his "girlfriend." The trial court found that the defendant had exerted control over the premises, and was sufficiently connected with the premises to justify the search of his person under section 108—9(b) of the Code of Criminal Procedure of 1963 (Ill.

Rev. Stat. 1981, ch. 38, par. 108—9(b)). The appellate court, in reversing the ruling on the search and conviction, held that the search of the defendant was without probable cause and violative of the search and seizure clause under the holding in *Ybarra v. Illinois* (1979), 444 U.S. 85, 62 L. Ed. 2d 238, 100 S. Ct. 338.

Section 108—9 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 108—9) provides:

"Detention and Search of Persons on Premises. In the execution of the warrant the person executing the same may reasonably detain to search any person in the place at the time:

(a) To protect himself from attack, or

(b) To prevent the disposal or concealment of any instruments, articles or things particularly described in the warrant." (Ill. Rev. Stat. 1981, ch. 38, par. 108—9.)

Decisions interpreting section 108—9 have recognized that the section cannot authorize searches of persons merely because they are on premises for which a warrant has been issued, without violating constitutionally protected rights. Consequently, persons searched under the authority of this section must have a sufficient "connection" with the premises or with persons described in the search warrant. (See *People v. Miller* (1979), 74 Ill. App. 3d 177, 184-86; *People v. Campbell* (1979), 67 Ill. App. 3d 748, 752-53; *People v. Dukes* (1977), 48 Ill. App. 3d 237, 240-41.) Factors considered on the question of "connection" have included the status of the person, where he resided, his conduct, and the purpose of his presence. It is clear, however, that the holding in *Ybarra v. Illinois* (1979), 444 U.S. 85, 62 L. Ed. 2d 238, 100 S. Ct. 338, requires that independent probable cause must be shown in order to conduct a search of a person on the premises but whose search is not authorized by warrant.

The State contends that the search of the defendant was proper under the fourth amendment. It argues that the appellate court erred in interpreting *Ybarra*, which, it says, is clearly distinguishable from the situation here. The defendant's contention is that the search of his person was improper because it was based merely on his being on the premises whose search was authorized. The issue, therefore, is whether the police lacked probable cause to search the defendant in violation of the search and seizure guarantees of the fourth and fourteenth amendments of the Constitution of the United States (U.S. Const., amends. IV, XIV).

Here, the defendant answered the door of the premises. He attempted forcibly to bar the men from entering after perhaps perceiving or suspecting that they were policemen. He was nervous and unable to sit and remain still, as an officer told him to do. Narcotics had been sold at the premises earlier the same day; the seller had just been arrested in possession of more narcotics. Officer Kerrigan, who had found narcotics on the woman, observed that there were bulges at the pockets of his pants. The search warrant was directed at the seizure of drugs and authorized the search of premises over which the defendant appeared to have control and the woman, who, with the boy, appeared to be occupants of the premises. These factors, which the trial court found to satisfy the requirements of section 108—9, also supported a finding of probable cause. In addition, there were exigent circumstances which made obtaining another search warrant impracticable. It was late at night. The purpose of the warrant that had been obtained was to uncover controlled substances then on the premises. The warrant was obtained soon after an officer had made the cocaine purchase. Considering all of the circumstances, there was probable cause to believe that the defendant was concealing controlled substances and that

search of the defendant should be made in order to preserve evidence. As this court stated in *People v. Campbell* (1977), 67 Ill. 2d 308, 319, "[t]he ultimate test, of course, is the reasonableness of the search which was made, not whether the officers could have secured a warrant." The search of the defendant was not unreasonable and unconstitutional.

The holding in *Ybarra v. Illinois* (1981), 444 U.S. 85, 62 L. Ed. 2d 238, 100 S. Ct. 338, which the defendant cites, is distinguishable. There the defendant was a patron in a small tavern. The police had obtained a warrant authorizing a search of the tavern and a bartender known as "Greg." On arrival the police systematically patted down everyone in the tavern for weapons. Upon patting down the defendant, an officer noticed a "cigarette pack with objects in it." The officer seized the the cigarette pack, which was found to contain packets of heroin. The police had had no prior knowledge or ground to suspect that any particular patron was involved in illegal activity or was dangerous in any way, and at the time the defendant did not furnish any cause for belief that his conduct was illegal. The Supreme Court held that "a search or seizure of a person must be supported by probable cause particularized with respect to that person. This requirement cannot be undercut or avoided by simply pointing to the fact that coincidentally there exists probable cause to search or seize another or to search the premises where the person may happen to be." (*Ybarra v. Illinois* (1979), 444 U.S. 85, 91, 62 L. Ed. 2d 238, 245, 100 S. Ct. 338, 342.) Here there was a particularized probable cause to search the defendant. What the court said in *State v. Gobely* (Minn. 1985), 366 N.W. 2d 600, in distinguishing *Ybarra* there, is appropriate:

"We are not here dealing with a patron in a public place that is being searched who has no more connection to the

crime than 'mere propinquity to others independently suspected of criminal activity,' [*Ybarra v. Illinois* (1979), 444 U.S. 85, 91, 62 L. Ed. 2d 238, 245, 100 S. Ct. 338, 342.]" 366 N.W. 600, 603.

For the reasons given, the judgment of the appellate court is reversed, and the judgment of the circuit court of Cook County is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*