THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FREDERICK BUTLER, Defendant-Appellant.

Second District   No. 2—91—0343

Opinion filed April 8, 1993.

G. Joseph Weller and Kathleen J. Hamill, both of State Appellate Defender's Office, of Elgin, and Kathleen T. Zellner, of Kathleen T. Zellner & Associates, of Naperville, for appellant.

Michael J. Waller, State's Attorney, of Waukegan, and Mary F. Rooney, of Chicago (William L. Browers and John X. Breslin, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Frederick Butler, appeals his convictions of possession of more than 15 but less than 100 grams of cocaine (Ill. Rev. Stat. 1991, ch. 56½, par. 1402(a)(2)) and possession with intent to deliver of more

than 15 but less than 100 grams of cocaine (Ill. Rev. Stat. 1991, ch. 56½, par. 1401(a)(2)). Defendant contends that the evidence was insufficient to prove beyond a reasonable doubt that he knowingly possessed the cocaine.

On July 11, 1990, Waukegan police officers armed with a search warrant raided a house at 404 McKinley. On the second floor, the officers found a bedroom secured by a padlock. They searched this room and discovered in a dresser drawer two plastic bags containing paper bindles holding a total of 24.2 grams of cocaine. One of the paper bindles, containing 1.94 grams of cocaine, contained defendant's fingerprint.

Police also found photographs of defendant, pieces of mail addressed to defendant and a copy of his birth certificate. The mail included an insurance cancellation notice, a letter from the clerk of the circuit court, a letter, and a postcard from the Lake County elections department.

Based on this information, police obtained a warrant for defendant's arrest. He was charged with possession and possession with intent to deliver cocaine.

The house at 404 McKinley is a two-story, single-family home. Diane Hawkins was the owner, and she was the only person present when the police executed the search warrant.

At trial, Jessie Hawkins, defendant's cousin, testified that defendant used to live at 404 McKinley, but had not resided there since March 1990. Jessie Hawkins lived there with his mother, sister, little brother, nephew and a friend, Reggie Hooks.

Hawkins further testified that Hooks had a key to the northeast bedroom. He had seen Hooks entering the room using the key. He had also seen several other persons in the room. Defendant did not have a key to the room. He had seen defendant at 404 McKinley only when he came to get some clothes after his release from jail.

Diane Hawkins also testified that defendant had not lived in her house since March 1990. In April, defendant began serving a sentence in the Lake County jail for an unrelated offense.

Al Rogers, a truant officer and coach at Waukegan East High School, testified that after defendant was released from jail he moved in with Rogers. Defendant was released to his custody on June 10, 1990, in order to start college classes the next day. Defendant had resided with Rogers continuously from June 10 to the date of his arrest. Rogers acknowledged on cross-examination that he occasionally took defendant to his girlfriend's house for several hours at a time and that he took him to 404 McKinley on certain occasions to pick up clothes.

The court found defendant guilty of possession of and possession with intent to deliver the cocaine. After denying his post-trial motion, the court sentenced defendant to a term of nine years' imprisonment. Defendant timely appeals.

Defendant's sole contention on appeal is that the State failed to prove beyond a reasonable doubt that he knowingly possessed the cocaine found at 404 McKinley. Defendant maintains that the State failed to prove that he had the requisite control to constructively possess the cocaine and that he even had knowledge of the presence of the drug at 404 McKinley. He further contends that his fingerprint was insufficient to establish the necessary knowledge and control.

■ In a prosecution for unlawful possession of narcotics, the State must prove beyond a reasonable doubt that defendant had either actual or constructive possession of the drugs. (*People v. Melgoza* (1992), 231 Ill. App. 3d 510, 529.) The State must prove that defendant had knowledge of the presence of the narcotics and that they were in his immediate possession and control. (*People v. Songer* (1992), 229 Ill. App. 3d 901, 904-05; *People v. Gallagher* (1990), 193 Ill. App. 3d 566, 569.) Constructive possession may be inferred from defendant's exclusive control of the premises where the drugs were found. (*People v. Galloway* (1963), 28 Ill. 2d 355, 358; *Songer*, 229 Ill. App. 3d at 905.) Similarly, knowledge may be established by proof of defendant's acts or other circumstances which reasonably imply that he knew of the presence of the drugs. (*People v. Cruz* (1984), 129 Ill. App. 3d 278, 289.) Defendant's knowledge and possession are questions of fact to be determined by the trier of fact, and its findings will not be disturbed on review unless the evidence is so palpably contrary to the verdict or so unreasonable, improbable or unsatisfactory as to create a reasonable doubt of defendant's guilt. *Songer*, 229 Ill. App. 3d at 905.

■ In the instant case, the evidence established that defendant at one time resided at 404 McKinley. The items taken from the room established that defendant was receiving mail at that address as recently as one month prior to the date of the search. Although there was uncontradicted testimony that defendant resided with Al Rogers on July 11 and that defendant no longer had a key to the upstairs bedroom at 404 McKinley, both Rogers and Jessie Hawkins testified that defendant had returned to the premises on one or more occasions to pick up clothes. Moreover, the presence of defendant's fingerprint on one of the paper bindles is sufficient to establish both his knowledge of and control over the cocaine.

The presence of the fingerprint distinguishes this case from the cases which defendant cites. (See *People v. Tomasello* (1988), 166 Ill.

App. 3d 684; *People v. Roundtree* (1985), 135 Ill. App. 3d 1075; *People v. Gore* (1983), 115 Ill. App. 3d 1054.) In those cases, convictions were reversed because the State failed to establish the necessary knowledge and control of the narcotics by defendants. However, in none of those cases was defendant's fingerprint found on the package containing the drugs.

Defendant contends, however, that the mere presence of his fingerprint was insufficient to establish his constructive possession of the cocaine and cites *People v. Rhodes* (1981), 85 Ill. 2d 241, and *People v. Poole* (1981), 99 Ill. App. 3d 939. Defendant contends that the State failed to exclude the possibility that the fingerprint was impressed on the paper under circumstances which would not give rise to an inference of knowledge and control. *Poole*, for example, stated that "when it is impossible to determine when a fingerprint was impressed, and when it is possible that the print might have been impressed at a time unrelated to the offense, a reasonable doubt exists as to the defendant's guilt." (99 Ill. App. 3d at 942.) *Poole* in turn cited *Rhodes*.

However, the supreme court has rejected the reasonable hypothesis of innocence test in cases based on circumstantial evidence. (*People v. Pintos* (1989), 133 Ill. 2d 286, 291.) *Pintos* specifically cited *Rhodes* as an example of a case where this test was no longer appropriate. Thus, the State was not required to exclude every reasonable hypothesis of innocence, and the trial court, as the trier of fact, could give the evidence its natural weight and draw reasonable inferences from it. Defendant invites us to indulge in speculation regarding how his fingerprint might have been impressed on the cocaine package. However, he failed to present any evidence tending to show that it could have been placed there under innocent circumstances. *Cf. People v. Woods* (1992), 225 Ill. App. 3d 988, 995 (defendant failed to present evidence that his fingerprint on broken window could have been placed there at a time other than the burglary).

Moreover, as the State points out, *Rhodes* and *Poole* involved the offenses of burglary and home invasion, which necessarily take place at a particular moment. Conversely, possession is an ongoing offense. The State need only prove that defendant possessed the cocaine at some time during the limitations period.

For the foregoing reasons, defendant's convictions are affirmed.

Affirmed.

UNVERZAGT and WOODWARD, JJ., concur.