834

*In re* C.K., a Minor (The People of the State of Illinois, Plaintiff-Appellee, v. C.K., Respondent-Appellant).

Second District No. 2—92—0130

Opinion filed September 16, 1993.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Kathleen T. Zellner and Douglas H. Johnson, both of Kathleen T. Zellner & Associates, of Naperville, for appellant.

Michael J. Waller, State's Attorney, of Waukegan, and Basil G. Greanias, of Decatur (William L. Browers, Lisa A. Hoffman, and John X. Breslin, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COLWELL delivered the opinion of the court:

Respondent, C.K., appeals the circuit court's orders finding that he committed the offense of unlawful possession of a controlled substance (Ill. Rev. Stat. 1991, ch. 56½, par. 1402(c) (now 720 ILCS 570/402(c) (West 1992))) and committing him to the Department of Corrections. Respondent contends that the court erred in denying his motion to suppress evidence obtained from a search of respondent during the execution of a search warrant. We affirm.

Respondent was arrested on November 7, 1990, and charged with unlawful possession of a controlled substance. The adjudicatory hearing commenced December 3, 1991. After the first day of testimony, defense counsel filed a motion to suppress evidence. The court thereafter conducted the adjudication hearing and the hearing on the motion to suppress simultaneously.

The evidence adduced at the joint hearing demonstrated that early in the morning of November 7, 1990, respondent went to apartment 7 at 565 Genesee Street in Waukegan. Respondent stated that he went to the apartment to wake up Sheriff Banks so the two could go to school. After waking up Banks, respondent met Demetrius Wilson, who was also in the apartment. Wilson gave respondent three bags of what appeared to be rock cocaine. Wilson, however, said that they were "dummies." Wilson asked respondent to hold them because he had to go somewhere.

Respondent then talked with Banks again. Eventually he went to another bedroom of the apartment, where he fell asleep. He did not notice any drugs in the room before he fell asleep.

Respondent was awakened a short time later by the police, who were executing a search warrant for the premises. The warrant authorized a search of the premises and a male black, who was approximately 5 feet 10 inches tall, weighed 150 pounds and was 16 to 19 years of age.

As Officer Charlie Hunt searched the bedroom where respondent was sleeping, she saw what she believed could be contraband. She summoned Officer Wayne Steven Hunter, who observed eight baggies containing a white, powdery substance on a table. Hunter escorted respondent downstairs, although he did not place him under arrest. At the bottom of the stairs, Detective Larnell Farmer searched respondent. Farmer removed the three baggies from respondent's pocket. Two of the baggies later proved to contain cocaine.

The trial court denied respondent's motions for directed findings on the motion to suppress and on the substantive offense. The court subsequently denied the motion to suppress and found that respondent was responsible for the offense of unlawful possession of a controlled substance. The court committed respondent to the Department of Corrections.

On appeal, respondent contends that the court erred in denying his motion to suppress the cocaine obtained during Farmer's search. Respondent contends that he was not the person named in the search warrant. Moreover, since he was merely a social guest at the premises he could not be searched incident to the execution of the warrant ab-

sent independent probable cause. He maintains that such probable cause was lacking where he was asleep in the room and not acting suspiciously. He further contends that he was not validly arrested, so the search cannot be justified as a search incident to a lawful arrest.

The State responds that the officers executing the warrant reasonably believed respondent had some connection with the premises where he was found sleeping in an interior bedroom. Alternatively, the State contends that independent probable cause existed where the police found respondent in a room with cocaine in plain view a few feet away. As a final alternative, the State suggests that respondent was lawfully arrested. Thus, the search was justified as a search incident to arrest, regardless whether it took place before or after respondent's formal arrest.

Section 108—9 of the Code of Criminal Procedure of 1963 provides that a person executing a search warrant may detain and search any person in the place at the time to protect himself from attack or to prevent the disposal or concealment of any evidence described in the warrant. (Ill. Rev. Stat. 1991, ch. 38, par. 108—9 (now 725 ILCS 5/108—9 (West 1992)).) This statute does not authorize the search of any person who happens to be on the premises at the time a search warrant is executed. (*Ybarra v. Illinois* (1979), 444 U.S. 85, 91, 62 L. Ed. 2d 238, 245, 100 S. Ct. 338, 342.) Either the person must have some connection with the premises or independent probable cause must exist to search that person. (*People v. Simmons* (1991), 210 Ill. App. 3d 692, 699.) Factors to be considered include the status of the person, where he resided, his conduct, and the purpose of his presence. *People v. Gutierrez* (1985), 109 Ill. 2d 59.

A trial court's decision on a motion to suppress evidence will not be overturned on review unless that decision is clearly erroneous. Although respondent has the burden of proof to make a *prima facie* showing that the police obtained the evidence illegally, once respondent satisfies his burden, the burden shifts to the State to show that the search was legal. Warrantless searches are *per se* unreasonable; thus, when respondent challenges a warrantless search and demonstrates that he was doing nothing unusual at the time of the search, the State must demonstrate the legal justification for the search. *People v. Spann* (1992), 237 Ill. App. 3d 705, 708.

Whether probable cause exists depends on the facts known to the officer at the time of the search. Probable cause is a commonsense determination, based on the factual and practical considerations of everyday life. *People v. Thompson* (1981), 93 Ill. App. 3d 995, 1001-02.

Based on these considerations, the trial court did not err in refusing to suppress the evidence. The officers executing the warrant could reasonably have believed either that respondent resided at the premises or that independent probable cause existed to search respondent.

As the officers executed the warrant, a number of people were in the apartment in addition to the officers. Officer Hunt located respondent asleep in a bedroom located on the second floor of the unit. Based on a commonsense appraisal of these facts, it was reasonable for the officers to conclude that respondent had some connection with the premises beyond that of a social guest.

Respondent contends, however, that he did not resemble the person described in the search warrant and in fact did not reside in the apartment. Respondent also points out that he was wearing a jacket at the time he was arrested. Respondent contends that this fact refutes any inference that respondent was a resident of the apartment.

Again, we emphasize that the determination of probable cause is a commonsense one, based on the facts known to the officers at the time. Respondent was found asleep in a bedroom on the second floor, where one would not normally expect to encounter a social guest. Also, it was 5:30 a.m., not a normal time for a social visit. This information was sufficient to support a search. The officers were not required to conduct a thorough investigation of defendant's connection with the premises and his sleeping attire.

In addition, the police discovered eight bags containing a controlled substance that were in plain view on a table a few feet from where respondent was sleeping. This fact gave the officers probable cause to believe that respondent constructively possessed the cocaine on the table. Where drugs are found on premises under a person's control, this fact alone gives rise to an inference of knowledge and possession which may be sufficient to sustain a conviction of possession of the narcotics beyond a reasonable doubt. (*People v. Nettles* (1961), 23 Ill. 2d 306, 309; *People v. Butler* (1993), 242 Ill. App. 3d 731, 733.) In this case, the State was not required to prove respondent's possession of the cocaine beyond a reasonable doubt; it merely had to show that the officers had probable cause to believe that respondent possessed the cocaine. The fact that respondent was asleep in a bedroom where the cocaine was in plain view provided probable cause to believe respondent constructively possessed the cocaine. Therefore, the court did not err in denying respondent's motion to suppress the cocaine obtained as the fruit of the search.

The cases respondent cites are distinguishable. In *People v. Simmons* (1991), 210 Ill. App. 3d 692, defendant was found with several

other persons in the bedroom of a home being searched for narcotics. In that case, it was more readily apparent that defendant and the others were social guests at the house. Moreover, no drugs were in plain view in the room. In *People v. Gross* (1984), 124 Ill. App. 3d 1036, defendant was seated on a couch in the home being searched. Police searched defendant and her purse, located on a table nearby. There, too, defendant was clearly a social guest, was doing nothing unusual, and there were no drugs in plain view.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

BOWMAN and QUETSCH, JJ., concur.